PHILO CLARK, *Adm'r.* *versus* TIMOTHY HOWE.

Where the debt was originally due to two partners, and one has deceased, and the defendant has done nothing to change his original liability, the action must be brought in the name of the surviving partner, although by an agreement between the partners, the beneficial interest was in the deceased.

If a settlement be made wherein a claim is paid to one party, which the other alleged had already been settled by giving up a certain note; and the party to whom the payment was made, promised that he would repay the amount, if the other party ascertained, that he ever held such note; the cause of action, if any, accrues immediately upon the making of this promise, and the six years limitation commences running from that time.

THE action was assumpsit by Philo Clark, as administrator of the estate of Cyrus Clark, deceased. By the defendant the general issue and statute of limitations were pleaded. The action was commenced Oct. 24, 1842.

Cyrus Clark and Philo Clark had been partners in business in the name of Cyrus Clark & Son, until 1827, when the partnership was dissolved, "and the said Cyrus settled up the business of the firm." Cyrus Clark died in 1835, and Philo Clark is administrator on his estate. In the spring of 1834 the defendant called on Cyrus Clark to settle a note held against him by the firm, and brought in a claim for 20 M. shingles. Cyrus and Philo Clark both thought the defendant had been paid for the shingles by giving up to him a note for the same quantity of shingles, which the firm had received of some one whose name was not then recollected. The defendant insisted, that it was not so, and that the company never had at any time a note against him payable in shingles. After sometime, the defendant agreed, "that if they ever found, or ascertained, that they ever had such a note from any one payable in shingles, he would pay back to said Cyrus the amount of said twenty thousand of shingles," and the defendant was paid for the shingles at $2,00 per M. by allowing the same in part payment of his note to Clark & Son. Evidence was introduced tending to show, that the defendant had given a note for 20 M. shingles to one Turner and that Turner had transferred it to Clark & Son before the claim of the defendant

was allowed to him, and that neither of the Clarks was in-
formed of this fact until 1840. A letter from the defendant
to the administrator, dated April 15, 1842, was read in evi-
dence, wherein he says — "At the close of that year we closed
up, and I took the mill into my own management. I made
my contracts to pay in shingles. In that way I hired Turner,
and he assigned the note for his pay to your father, and I have
no doubt that it was amicably and equitably settled at the
time. The next year I sold you shingles at your store, which
was finally settled justly, I believe. But if you can show that
any mistake or error has been made, it will be promptly cor-
rected." Also another letter, dated May 29, 1843, in which
the defendant says — "I understand you wish to refer your
lawsuit," and that if the plaintiff will give him a particular
statement of his demand, "I will then decide upon the propo-
sition."

After the evidence was all out, the parties agreed to take
the case from the jury, and "that the Court may decide upon
the foregoing facts, and draw such inferences as a jury might
draw," and that the Court might enter a nonsuit or default.

*Howard & Ludden* argued for the plaintiff, citing 1 W.
Black. 353; 1 Ld. Raym. 316; W. Jones, 329; 9 N. H. R.
359; 1 Evans' Pothier, Part 3, c. 8, Art. 2. § 2.

*T. O. Howe* argued for the defendant, and cited 5 Sergt.
& R. 86; 7 Mass. R. 257; 2 Mass. R. 401; 6 Mass. R.
460; 1 Chitty's Pl. 8; 3 Greenl. 97; 2 Pick. 368; 4 Greenl.
41 & 413; 12 Maine R. 472; 14 Maine R. 300; 17 Maine
R. 184; 11 Mass. R. 452.

The opinion of the Court was by

WHITMAN C. J. — There is no doubt that this action should
have been commenced by the plaintiff as the surviving part-
ner of the firm of Cyrus Clark & Co. It was a debt due to
that firm; and the liability has never been changed by any
agreement of the defendant with the plaintiff's intestate.

But the cause of action, if any exists, accrued in 1834;

and the statute of limitations is set up in defence ; and more than six years had elapsed thereafter before this action was commenced. The cause of action did not depend, for its origin, on the discovery, by the members of the firm of Cyrus Clark and Company, that they had ever had a note, of the kind supposed, against the defendant, but on the fact, that on settlement, in 1834, they allowed and admitted, erroneously, an item for 20 M. of shingles, which had been before paid for. The defendant's promise to pay upon a contingency added nothing to his liability. If he had been before paid for the shingles, and was then again paid for them, by reason of his false allegations, a right of action instantly accrued against him. If he had not before been paid for them, his promise to refund the amount in any contingency, was without consideration, and therefore void.

The defendant's letters, relied upon, as taking the case out of the statute of limitations, contain no acknowledgment of indebtedness, or promise to pay any thing in any event.

*Plaintiff nonsuit.*