ALLEN, J.,
 

 delivered the opinion of the Court.
 

 The Court is of opinion, that as it appears from the account taken from the books of the firm of Lancaster, Stratton & Co., that the firm, at the expiration of the partnership, was indebted to the plaintiffs in error in an amount exceeding the sum claimed in this suit, such account furnished by their own hooks would be prima facie evidence of the claim of the plaintiffs in error, and throws upon the defendants in error the burthen of shewing that the claim was not really due.
 

 The Court, without deciding upon the sufficiency of the certificate of the facts proved upon the trial, as set forth in the bill of exceptions to the decision of the court overruling the motion for a new trial, but looking thereto for the purpose of ascertaining to what extent the prima facie evidence furnished by said account is counteracted by the other evidence in the cause, and regarding the same in the most favourable aspect for the defendants in error, it clearly appears from evidence uncontradicted by any thing appearing in the cause, that the firm of Lancaster, Stratton & Co. were indebted to Stratton or Stratton & Booker in an amount exceeding that which was transferred for the account of the latter, and not settled by P. B. Stratton, to the account of the plaintiffs in error. And the effect of such transfer was merely to substitute the plaintiffs in error as the creditors of the defendants in error in the place of Stratton or , Stratton & Booker, without enlarging, or in any other mode affecting, their liability for the debt due by them; they having obtained credit for the amount so transferred with Stratton or Stratton & *Booker. The Court is of opinion, that under the authority of the case of Brown v. Higginbotham, 5 Leigh 533, and the circumstances of this case, the surviving partner, P. B. Stratton, was authorized to make such transfer. It appears he was the acting member of the firm charged with the settlement of the accounts ; that the debt due from the defendants in error to the said Stratton or Stratton & Booker, grew out of purchases of wheat made for their benefit, by Stratton and Stratton & Booker, and paid for by the latter with merchandise purchased by them of or through the plaintiffs in error. It further appears that the plaintiffs in error supposed that Pi B. Stratton, the acting partner of the firm of Lancaster, Stratton & Co., had authority to make such transfers, and that on the 4th Eebruary 1840, which was long before the dissolution of the firm by the death of Lancaster, a transfer for the amount of 4222 dollars 43 cents was actuallj’’ made and entered on the books, of the defendants in error, and never objected to; so that in reality the effect of the transfer merely rendered the defendants in error responsible for a debt contracted for goods and merchandise of which they received the benefit; and the propriety of the transfer was recognized by the firm in one instance before its dissolution by the death of Lancaster; in these particulars making this a stronger case for the exercise of the authority to make such transfer by the surviving partner in settling up the affairs of the firm, than was furnished by the facts in the case of Brown v. Higginbotham.
 

 . It therefore is considered by the Court, that the judgment of the Court overruling a motion for a new trial is erroneous.
 

 Reversed with costs, verdict and judgment set aside, and cause remanded for a new trial.