## Pierre Teller v. John P. Wetherell and another.

After the death of one of two parties, a suit upon a cause of action which survives must be brought in the name of the survivor. If brought in the names of both, judgment rendered thereon will be reversed on error.

Nor can the judgment be sustained by showing that the deceased partner left a son surviving him, of the same name, who was living when the suit was commenced and judgment rendered.

*Heard November 19th, 1861.    Decided January 15th.*

Error to Wayne Circuit.

*W. Gray,* for plaintiff in error.

*D. B. Duffield,* for defendant in error.

CAMPBELL J.:

Suit was brought below upon a bond made by Teller to the persons named as plaintiffs below and defendants in error, and judgment was entered on it by stipulation. The case now comes up on allegation of error in fact, because one of the plaintiffs below had died before action was brought. To this it is pleaded specially, *first,* that plaintiffs below were partners, and the cause of action survived ; and *second,* that there was a John P. Wetherell, a son of the John P. Wetherell named as plaintiff, living when suit was brought and judgment recovered. To these pleas a demurrer is interposed.

The demurrer is well taken. It is doubtless true that, upon the death of a partner, the cause of action survives to his associate. Had the declaration below shown such death, and been in the name of William Wetherell, as survivor, it would have been valid. But the action was brought in the names of both as living, and there is no rule of law which will permit a joint action to stand as several, nor is there any rule which will justify a judgment in favor of two plaintiffs to be regarded as in favor of only one of them. Where two plaintiffs are named, no

recovery can be had unless both were entitled to bring the action at the time it was commenced.

The averment that another John P. Wetherell existed, is no answer to the allegation of error. The plea does not deny the death of the one named as plaintiff, nor does it aver the identity of the person living with such plaintiff, inferentially or positively, nor does it claim in any way that the cause of action arose in his favor. The averment that he is the son of the deceased plaintiff as well as his namesake, does not give them legal identity. The John P. Wetherell with whom the contract was made, was the only one of that name who could have sued upon it, and his death before action brought is not denied.

Judgment must therefore be entered in favor of the plaintiff in error, reversing the judgment below, with costs against William Wetherell.

The other Justices concurred.