ROYS, Executrix &c., vs. VILAS.

A surviving partner has an exclusive right to the possession of the assets of the firm for the purpose of paying its debts and settling its affairs; and the remedy upon its choses in action, while they remain partnership property, must be prosecuted in his name, without joining the personal representatives of the deceased partner.

But a surviving partner may transfer the title to a chose in action of the firm ; and after such transfer, the remedy must be prosecuted in the name of the real party in interest.

The executor of a deceased partner may dispose absolutely of the interest of his

testator in the assets of the firm to the surviving partner, or to any other person, and may receive in payment a chose in action.

After the firm debts are paid, the surviving partner and the representative of the deceased partner may make a specific division of the remaining assets, including securities and accounts or other claims.

Where the survivor of two partners, " as a part division of the assets of the firm," transferred his interest in an account of the firm to the executrix of the deceased partner, *Held*, that a suit upon the account was properly brought by her in her representative character; but if otherwise, the allegations as to her representative character were immaterial, and should have been rejected as surplusage.

APPEAL from the Circuit Court for *Dane* County.

The complaint in this action alleges, in substance, that during the year 1856 and until August 18, 1857, Samuel H. Roys and Silas U. Pinney were partners in the practice of the law, under the name of Roys & Pinney, at Madison in said county; that said partnership was extinguished by the death of said Roys, and that said Pinney still survives; that in said years 1856 and 1857, said firm performed divers professional services for the defendant at his request, to wit, &c.; that said services were worth $200; that said Pinney, as surviving partner of said firm, " has since sold, assigned and transferred to the plaintiff as executrix of the will of said Samuel H. Roys, deceased, all his right, title and interest in and to said account and indebtedness, as a part division of the assets of said firm," and the plaintiff is now the lawful owner and holder thereof; and that the defendant has not paid any part thereof. Allegations are then added showing the representative character of the plaintiff, and judgment demanded for $200 with interest, &c. The defendant answered denying that anything was due for said services, and also setting up counterclaims. On the trial, the defendant objected to the admission of any evidence under the complaint, on the ground that it did not state a cause of action; the objection was sustained, and a nonsuit granted: from which decision the plaintiff appealed.

*H. W. & D. K. Tenney*, for appellant.

*Wm. F. Vilas* and *E. Wakeley*, for respondents:

Upon the death of one of two partners, the remedy to reduce the *choses in action* of the firm to possession vests exclusively in the survivor, to whom belong all books of account and other evidences of debt held by the firm, and, if properly attended to, without interference or control on the part of the decedent's representatives. Williams on Ex'rs, pp. 715, 1584–5; Story on Partnership, § § 346 et seq.; *Shields v. Fuller*, 4 Wis., 102; *Smith v. Barrow*, 2 Term, 476; *Egberts v. Wood*, 3 Paige, 517. The executor or administrator of the deceased cannot join in the action. *Martin v. Crump*, 2 Salk., 444; *Morrison v. Winn*, Hardin, 481. Should the surviving partner die, the executor of the first deceased cannot join, but the remedy remains in the partner's representatives who survived latest. 1 Wms. on Executors, &c., 1585; *Copes v. Fultz, Adm'r*, 1 Smedes & M., 623. And payment of a firm debt to the administrator of a deceased partner, will not release the debtors, but they are still liable to the survivor. And the administrator is liable to the surviving partner for the amount so collected. *Shields v. Fuller, supra.* So completely is the *chose in action* vested in the survivor, that a debt due to the defendant as surviving partner may be set off against a demand on him in his own right. *Slipper v. Stidston*, 5 Term, 493. And a debt due from the plaintiff, as surviving partner, to the defendant, may be set off against a debt due from the defendant to the plaintiff in his own right. *French v. Andrade*, 6 Term, 582. This rule extends even to the case where the survivor was a dormant partner. *Beach v. Hayward*, 10 Ohio, 455. It is the duty of the survivor to reduce all choses in action to possession without charge for services, and the property of the partnership being so reduced to possession, he must pay the firm debts, making such sales of the firm property as may be necessary, and of the surplus in hand of things in possession, the representatives of the deceased are entitled to his share. They have no right in regard to the property of the firm until the debts are paid, except the right to see that the partnership con-

cerns are properly administered and settled as quickly as possible. Clearly then the plaintiff has no right of action upon any debt belonging to the late partnership, as the representative of the deceased partner. 2. Before the adoption of the code, no executrix could purchase or receive any *chose in action* due to a third party and contracted before decedent's death, and sue upon it in her representative capacity. Such a proceeding would be completely contrary to every legal idea concerning the duties of an executrix. 3. No provision of our statute purports to alter this rule of law, and none can be claimed to have that effect, unless it be sec. 12, chap. 122, which provides that "every action must be prosecuted in the name of the real party in interest." The rule that the remedy survives upon the choses in action of a partnership is expressly recognized by this court in *Jennings' Adm'rs. v. Chandler*, 10 Wis., 21; and this must clearly be so, because the representative of the deceased has no direct interest in the particular account, but has the right merely to have the partnership affairs settled, and to share in the surplus remaining after the debts are paid. Neither does the code enlarge the powers of an executrix, so as to allow her to receive the assignment of a chose in action not due the decedent's estate and contracted by the debtor before the death of the testator. The case at bar presents the same objections to her taking such assignment as if it were a debt due to an utter stranger : and indeed greater, because the law expressly requires the survivor to collect the firm accounts and pay the firm debts, sharing the surplus with the deceased's representatives. The assignee of a chose in action takes it subject to all equities existing at the time in favor of the debtor against the assignor, and any set off which the debtor might have against the assignor may be pleaded by the debtor in the action by the assignee. 1 Abbott's Dig., Tit. *Assignment.* If then the executrix can receive such assignment, she must in her representative capacity meet and try set-offs and counterclaims, involving matters wholly foreign to the estate of the

testator, and perhaps cause the estate to lose the claim, through some pre-existing equity or valid counterclaim, existing against the assignor, as well as subject it to costs. The case at bar presents a good illustration. Such powers the law does not recognize an executrix as possessing with the funds she holds in trust. Again, in this case the defendant would be entitled to testify in his own behalf as to all transactions with the partner who survived in relation to the account, and the latter also would be a competent witness. But the statute declares, sec. 51, chap. 137, that when the suit is by an executor or administrator, the opposite party cannot be a witness in his own behalf, which might work injustice- if an executor could receive the assignment of a chose in action, and opens the door for collusion and fraud. But the section clearly evinces that the legislature never contemplated the case of an executor sueing where the debt did not belong to the estate of the testator.

*By the Court*, PAINE, J. The respondent's counsel is undoubtedly right in his position that a surviving partner has the exclusive right to the possession of the assets of the firm, as against the representatives of the deceased partner, for the purpose of paying its debts and settling its affairs. And the remedy on choses in action due the firm is to be prosecuted in the name of the survivor, and the executor or administrator of the deceased partner cannot be joined in the action, merely by virtue of his capacity as such. But it can by no means be inferred from this that every chose in action belonging to the firm at the time of the death of a member, must be absolutely prosecuted by the survivor, if at all. The rule in question has no such extent. It indicates only the proper party to prosecute so long as the chose in action remains a part of the partnership property. But certainly the surviving partner may transfer the title to a chose in action of the firm, as he could transfer any other partnership property. And whenever

he does do so, the remedy, as the law now is, would have to be sought in the name of the party to whom the cause of action really belonged. The plaintiff, therefore, in this case sues, not because she is executrix of the deceased partner, but because the surviving partner transferred to her in that capacity this chose in action. And the case turns solely upon the question, whether she had power thus to receive the title to it. That the executrix might dispose absolutely of the interest of the testator in the assets there can be no doubt. So perfect is this right of disposition in an executor, that he may even transfer an absolute title to a specific legacy. And it is said that at law he may even transfer the title to the property of the estate in payment of his own debt. Williams on Ex'rs, 796, 800; *Williams v. Ely*, 13 Wis., 5.

This being so, the power of the executrix to transfer to the surviving partner or to anybody else the interest of the deceased in the firm assets being undoubted, the question is, whether she could receive in payment a chose in action? We are not aware of any rule prohibiting this. We know of no reason why the surviving partner and the representatives of the deceased partner may not—assuming the partnership debts to be paid—make a specific division of the remaining assets. If there are securities, claims, or accounts, these may be divided as well as other things of value. Suppose a firm owes no no debts, and owns large amounts in bonds and mortgages, running for long terms, and one of the members dies. Must the survivor hold all these securities until maturity? Is it impossible for him and the executor of the deceased to agree upon a division so that each shall take a separate portion? As before said, we know of no rule of law forbidding it.

The suggestion that the estate might become involved in litigation is no answer, for administrators and executors may do many things that may involve litigation. They may make leases containing covenants and agreements by the lessees, all of which may give rise to litigation. They may indorse com-

mercial paper, and do many other things by virtue of their authority and control over the estate, out of which suits may arise. When their accounts come to be settled, the question whether they have faithfully and properly discharged their trusts may be raised between them and the heirs, and the principles upon which that question will be settled are established. But certainly it cannot be said that they have no power, in making a division of the assets of a firm of which the testator or intestate was a member, to receive title to a chose in action, merely because if they did so they would have to take it for what it was worth, and might have to resort to litigation to enforce it.

The authorities cited by the plaintiff's counsel show that the suit was properly enough brought by the plaintiff as executrix; and even if not, that the official description was immaterial and might be rejected as surplusage.

The judgment is reversed, with costs, and the cause remanded for a new trial.