JOHN J. MUDD et als., Repondents, v. GEORGE Y. BAST et als., Appellants.

*Witness—Interest.*—Interest, in the event of the action, disqualifies not a witness, unless he be a party to the action, or one for whose immediate benefit it is prosecuted. (R. C. 1855, p. 1576, § 1, 6.)

*Partnership—Dissolution.*—The introduction of a new member into a partnership dissolves the pre-existing partnership, and puts an end to the joint powers of the partners; but, for the purpose of collecting the debts and settling the affairs of the concern, the partnership still exists.

*Appeal from St. Louis Circuit Court.*

*Wm. T. Wood,* for respondents.

*A. M. & S. H. Gardner,* for appellants.

DRYDEN, Judge, delivered the opinion of the court.

This was an action by John J. Mudd, Alexis Mudd, and Graham L. Hughes, to recover the price of certain personal property, which it was alleged they had sold and delivered to the appellants. It was charged in the petition that the plaintiffs "in the year 1857 were co-partners doing business

under the name and style of Mudd & Hughes;" and that while plaintiffs were so co-partners as aforesaid, to-wit, on or about the 10th day of September, 1857, plaintiffs bargained, sold and delivered to the defendants " the property described." The answer denied " that the firm of Mudd & Hughes, at the time mentioned in said petition, consisted of said plaintiffs, but charged the fact to be that said firm was composed of said plaintiffs with Henry T. Mudd and Armistead O. Grubb." The answer likewise denied the sale and delivery of the goods.

On the trial the respondents offered the said Armistead O. Grubb as a witness, who on his *voire dire* stated that " the firm of Mudd & Hughes up to August, 1855, consisted of John J. Mudd, Graham L. Hughes, and Alexis Mudd. That from August, 1855, to March 18, 1856, said firm of Mudd & Hughes consisted of John J. Mudd, Alexis Mudd, Graham L. Hughes, and the witness A. O. Grubb. That he, the witness, became a member of said firm in August, 1855. That in March, 1856, Henry T. Mudd became a member of said firm ; and the firm of Mudd & Hughes from March, 1856, to the 1st of January, 1858, consisted of witness A. O. Grubb, John J. Mudd, Alexis Mudd, Graham L. Hughes, and Henry T. Mudd. * * * * Witness further stated that he had no interest in the suit, that the property described in the petition was the property of the firm before he became a member of it ; that said property was never carried into the firm of which witness became and was a member and partner, and was never taken or considered as assets, and was not assets of the firm of which witness was a member, and witness has not now and never had any interest in said property, nor in this suit, nor in any recovery that may be had in this suit."

The appellants then objected to the witness being sworn in chief, and to his giving testimony in the cause, and assigned for cause " that he was a member of the firm of Mudd & Hughes at the time of the alleged transaction." The objection was overruled, and the witness testified in chief. Henry T. Mudd was likewise offered as a witness by

the respondents, and was permitted to testify after the same objection and with the like result as in the case of the witness Grubb. These were the only witnesses examined, and their examinations in chief disclosed the same facts respecting their interest in the matter in controversy, and as to who constituted the firm of Mudd & Hughes, as their testimony on their *voire dire*.

At the close of the evidence the appellants asked the court to declare the law of the case as follows, viz:

" 1. If it appear from the evidence that the firm of Mudd & Hughes consisted of John J. Mudd, Graham L. Hughes, and Alexis Mudd, up to about August, 1855, and in August, 1855, Armistead O. Grubb was taken into the firm as a partner, and the four named persons did business under the firm name of Mudd & Hughes up to about March, 1856, and in March, 1856, they took into the firm as a co-partner Henry T. Mudd, and that the firm of Mudd & Hughes from March, 1856, to January or February, 1858, consisted of Henry T. Mudd, John J. Mudd, Alexis Mudd, Graham L. Hughes, and Armistead O. Grubb, then the plaintiffs cannot recover in this action.

" 2. That if it appear from the evidence that Henry T. Mudd and Armistead O. Grubb were members and partners in the firm of Mudd & Hughes during the whole of the year 1857, and with the plaintiffs composed said firm during said year, then the plaintiffs cannot recover."

But the court refused. Verdict and judgment for the respondents, from which the defendants appealed. The objection to the competency of the witnesses has no support either in the facts or in the law of the case. Interest in the event of the action is no longer a ground of disqualification, and if it was, the rule would have no application to this case, because the fact is, as shown by the evidence, the witnesses whose competency is denied have no interest whatever in the controversy. And not being parties to the action, nor persons for whose immediate benefit the action was prose-

cuted, there was no ground to question their competency. (R. C. 1855, p. 1576-7, § 1, 6.)

The first refused instruction rests upon the notion that through all the changes in the co-partnership produced by the introduction of new members into the association, there was but one legal entity ; and, as a result of this doctrine, that A. O. Grubb and H. T. Mudd, being members of the firm of Mudd & Hughes at the time of the sale, were interested in the property sold in common with the respondents, and like the respondents were necessary parties to the suit ; whereas each association was in law a distinct co-partnership, having several and independent rights and interests, although all used one and the same firm name. (Sto. on Part. 458.) The introduction of the two new members into the firm worked a dissolution of the pre-existing co-partnership composed of the respondents (Sto. on Part. 458), and put an end to the joint powers and authorities of the partners in that concern any further to employ the property or funds or credit of the partnership in the business or trade thereof; yet for the purpose of collecting the assets, paying the debts, and winding up the concern, the partnership still existed. On this subject, Mr. Story in his work on Partnership, p. 463, says : " Notwithstanding the dissolution of the partnership there still remain certain rights, duties, powers, authorities, and relations, between them, (the partners,) which the law recognizes and supports because they are or may be indispensable to the complete arrangement and final settlement of the affairs of the partnership, and, therefore, in a qualified and limited sense the partnership may be said for those purposes to continue between the parties until such arrangement and settlement take place. Indeed, as has been well said by a learned author on this subject, from the very nature of a partnership engagements may be contracted which cannot be fulfilled during its existence, exposed as it is to sudden and arbitrary terminations, and the consequence therefore must be that, for the purpose of making good out-

standing engagements, of taking and settling all accounts, and converting all the property, means and assets of the partnership existing at the time of the dissolution, as beneficially as may be for the benefit of all who were partners, according to their respective shares and proportions, the legal interest must subsist, although for all other purposes the partnership is actually determined." The second instruction asked by the appellants ignored the evidence in the case tending to prove the prior existence of a firm composed alone of the respondents, and withdrew from the court (sitting as a jury) the consideration of the question, whether the sale alleged in the petition was not made by a co-partnership, using the name of Mudd & Hughes, composed exclusively of the respondents, and it was therefore manifestly wrong.

With the concurrence of Judge Bates, the judgment will be affirmed. Judge Bay having been of counsel for the appellants, did not sit in the case.