MUTUAL SAVINGS INSTITUTION, Respondent, v. CHARLES ENSLIN, Appellant.

*Partnership—Dissolution.*—After the dissolution of a partnership by mutual consent, one partner cannot bind the other by any new contracts in the name of the firm, nor can he transfer the title to any of the partnership securities. Either party may reduce the choses in action to possession, and use them for paying the liabilities of the firm. If, after the dissolution, one of the partners die, his administrator may reduce choses in action to possession, and apply the proceeds to payment of the debts of the firm.

*Appeal from St. Louis Court of Common Pleas.*

*Taussig*, for appellant.

I. The defendant, as administrator of the estate of Henry Golberg, was entitled to the possession of the note, and had a right to apply its proceeds to the payment of the debts of the firm of Koehls & Golberg.

II. Admitting, for the sake of argument, that the defendant was not legally entitled to the possession of the note, and

that it was delivered to him by mistake, it appears that plaintiff acted with full knowledge of all facts, and therefore is not entitled to relief from a mistake of law. (Chit. Cont. 490–1 ; 2 Greenl. Ev. § 123, n. 8 ; Tyler v. Smith, 18 B. Mon. 793 ; Marietta v. Slocumb, 6 Ohio, n. s., 471 ; Snelson v. State, 16 Ind. 29 ; Bond v. Coats, 16 Ind. 202; 5 Taunt. 143 ; 9 Cow. 674 ; Brumaghin v. Tillinghast, 18 Cal. 165 ; Garrison v. Tillinghast, 18 Cal. 404.)

III. The plaintiff obtained no title to the note by the assignment of Bredow, made on the 14th of January, 1860. The plaintiff, finding it impossible to recover from the defendant money paid under a supposed mistake of law, undertakes to recover from the defendant as the assignee, under Bredow, of the note in question.

*a.* Nor would it help the plaintiff's case if it appeared from the evidence that he has a good cause of action, although different from the one set forth in his petition. (Link v. Vaughn, 17 Mo. 585 ; Butcher v. Death, 15 Mo. 271 ; Beck v. Ferrara, 19 Mo. 30 ; Payne v. Clark, 19 Mo. 152 ; Duncan v. Fisher, 18 Mo. 403 ; Perry v. Barrett, 18 Mo. 140.)

*b.* And the same rule applies, although the plaintiff and defendant agreed upon the facts in the case, the cause being submitted on the petition, answer and facts agreed upon. (Chouquette v. Barada, 23 Mo. 331.)

*c.* Bredow could not have sued the plaintiff for money had and received to his use because the plaintiff had refused to pay over to him. (Hall. v. Marston, 17 Mass. 560–3.) He had to sue for a wrongful conversion. The plaintiff now claims as assignee of Bredow, and stands in his shoes ; hence it can no more sue for money had and received than Bredow could.

Submitted for respondent on brief formerly filed by *Judge Holmes*.

I. On the facts stated in the agreed case, it simply amounts to this : that defendant has collected the proceeds of a note, of which the plaintiff is the owner, and refuses, on demand

made, to pay over the money.  It is a clear case of money had and received to the plaintiff's use.  (Chit. Contr. 606, & n. 1)  No express privity of contract is necessary between plaintiff and defendant, nor is it material that in fact the defendant received the money with intent to appropriate it to his own purposes, supposing he had a right to do so ; it is enough that he has another's money, which he has not a right conscientiously to retain.  (Mason v. Waite, 17 Mass. 560-3 ; Hall v. Marston, 17 Mass. 575-9.)  No privity necessary, and the action may be maintained though the note be given up under a mistake, or " an unfounded belief of payment." Eagle Bk. v. Smith, 5 Conn. 71 ; Dickson v. Cunningham, Mar. & Yerg. 203-221 ; Ely v. Wolcott, 4 Allen, 506 — though acknowledged in a bill of sale to have been received.

II.  It was decided in Bredow v. Mut. Sav. Inst., 28 Mo. 181, that Enslin, adm'r of Golberg, had no title to the note, or the proceeds.

LOVELACE, Judge, delivered the opinion of the court.

Plaintiff brought her action, for money had and received by defendant to the use of plaintiff, in the Court of Common Pleas of St. Louis county.

The evidence shows that one Heiderman executed his note to the firm of Keohls & Golberg, a mercantile firm in the city of St. Louis, for about the sum of four hundred and thirty dollars, due October 4, 1856 ; that for the purpose of securing a debt, which Keohls & Golberg owed to the Mutual Savings Institution, they deposited with the plaintiff this note, some time in July or August, 1856 ; that on the 27th of August, 1856, the partnership of Keohls & Golberg was dissolved by mutual consent, and due notice given ; that on the 7th day of September, and eleven days after the dissolution of the partnership, Golberg, one of the partners, died ; that on the 1st of December, Keohls, acting as surviving partner, by agent, made an assignment of the note to Bredow & Shaffner, and on the 2d December, Bredow & Shaffner demanded the note of the Mutual Savings Institution, which

refused to give it up, upon the ground that the debt to secure which it was deposited was not yet paid.

About the first of January, 1857, Enslin, the defendant, was appointed administrator of the estate of Golberg, deceased, and about the first of February demanded the note of the institution, the indebtedness of Keohls & Golberg having been paid off. Plaintiff at that time had sent the note to the Central Bank of Peoria, Ills., for collection, and therefore gave defendant Enslin an order on that bank for the note, or its proceeds, in case it had been collected; and the defendant took the order, and collected the proceeds on the 11th July, 1857.

On the 15th January, 1857, Bredow & Shaffner assigned their interest in the note to Theo. Bredow, and at the March term, 1858, of the St. Louis Court of Common Pleas, Theo. Bredow commenced suit against the plaintiff for unlawfully converting the note to its own use, and on the 4th of January, 1860, recovered judgment.

Plaintiff then paid off the judgment, and took Bredow's assignment of his title to the note and proceeds, and this suit is brought to recover of Enslin the proceeds of said note, collected by him from the Central Bank of Peoria.

So soon as the partnership between Keohls and Golberg was dissolved by consent of the partners, the partners at once became tenants in common of the partnership effects, and after such dissolution the death of one of the partners would neither enlarge nor restrict the powers of the other; so that Keohl's powers remained the same after the death of Golberg as before, until the partnership effects were taken out of his hands by proper authority.

It is well settled, that the partners after dissolution cannot bind each other by any new contracts made in the name of the firm. (Coll. Partn. § 546; Bredow v. Mut. Sav. Ins. 28 Mo. 181.) Their power to act for each other has ceased. They may, however, reduce choses in action to possession, and use them for the payment of the liabilities of the firm. It was held by this court, in Bredow v. Mut. Sav. Inst., that

" one of the partners, after dissolution, without the consent of the others, cannot transfer the title to any of the partnership securities." "The reason of this," say the court, " is not simply because one partner, after dissolution, cannot by his endorsement of a note create a new liability binding upon the others, but because, only having an undivided interest in a partnership note, he cannot, without the consent of the other partners, transfer the title to the whole of it."

It would seem, then, that Keohls, after the dissolution of the partnership, had no power to make a transfer of the note in question; and his attempted transfer to Bredow & Shaffner in no way interfered with Enslin's right to receive the note, or the proceeds thereof, and apply it to the payment of the partnership debts, which the record shows he did, under order of the probate court.

The difficulty in the case seems to be, that the court below regarded it as a case of a dissolution of a partnership by the death of one of the partners; in which case Keohl's right to transfer the note, for the purpose of settling the business of the partnership, would be unquestionable. But the record shows that the partnership had been dissolved by mutual consent, and due notice given, eleven days before the death of Golberg. Then how could his death affect the rights or powers of the other partners? The same error seems to have been committed in the case of Bredow v. Mut. Sav. Institution. After laying down the law applicable to the dissolution of a partnership by consent of partners, and also the law applicable to the dissolution of partnership by the death of one of the partners, Judge Richardson says: " Upon the death of Golberg, the title to the partnership notes vested in Keohls as surviving partner," showing clearly that he understood it to be a dissolution of partnership by death.

Enslin, then, as administrator of Golberg, was at least a tenant in common with Keohls, or his assignee, and had an equal right, if he had no better, to reduce the note to possession, and collect it, and apply it to the payment of the partnership debts; and for doing that he is not liable.

Several other points are made in the case, but in the view we have taken they become immaterial, and will not be noticed.

Judgment reversed, and cause remanded. Judge Wagner concurs; Judge Holmes not sitting, having been of counsel.