TENNENT, WALKER & COMPANY, Appellants, v.
GUENTHER & BLACKMAN, Respondents.

#### Kansas City Court of Appeals, June 13, 1888.

1. PARTNERSHIP — EFFECT OF SALE OF INTEREST BY INDIVIDUAL
   PARTNER — NOT A SALE BY THE PARTNERSHIP.— Although the
   sale of his interest in a partnership by an individual member, dis-
   solves the partnership, the purchaser acquires only the seller's
   interest in the residue after all the partnership debts and liabilities
   shall be discharged; and the partnership property is as com-
   pletely as ever subject to the rights of the partnership creditors.
   The sale of the interest in such a case, is not a sale by the partner-
   ship.

2. ————— ———— CHARACTER OF SUCH A SALE AS TO CREDITORS.—The
   mere fact of a sale of his interest in a partnership, by an individ-
   ual member, is not fraudulent, nor is it any evidence of fraud.

APPEAL from Morgan Circuit Court, HON. E. L.
EDWARDS, Judge.

*Affirmed.*

The case is stated in the opinion.

A. W. ANTHONY, for the appellant.

I.   It is hardly necessary to cite any authority in this
case, as the fraud of Guenther & Blackman is clearly
developed by the evidence. *Hagar v. Graves,* 25 Mo.
App. 164, and cases cited; *Grocery Co. v. Cole,* 26 Mo.
App. 5; *Bank v. Goldsoli,* 14 Mo. App. 586.

II.   The trial court erred in taking the case from
the jury: *Wilson v. Board,* 63 Mo. 137; *Brink v.
Railroad,* 17 Mo. App. 177; *Fisher v. Railroad,* 23
Mo. App. 201; *Noeninger v. Vogt,* 88 Mo. 589; *Baum
v. Fryrear,* 85 Mo. 151; *Groll v. Tower,* 85 Mo. 249;
*Moody v. Deutsch,* 85 Mo. 237; *Walsh v. Morse,* 80 Mo.
568.

· III. I do not think it necessary to notice other exceptions during the trial, though well taken, especially as to the exhibit showing the sale of the farm.

WM. S. SHIRK, for the respondent.

I. There was no evidence which proved, or tended to prove, that the sales of the partnership, made first by Guenther, and afterwards by Blackman, were fraudulent, or made with a fraudulent intent to hinder and delay their creditors. The demurrer was correctly sustained so far as that portion of the evidence is concerned.

II. When Guenther sold his interest to McKean the firm of Guenther and Blackman stood dissolved. *Mudd v. Bast*, 34 Mo. 165.

III. The land, which he received for his interest became his individual property, and the creditors of Guenther and Blackman had no lien upon it. It did not become partnership property. *State ex rel. v. Thomas*, 7 Mo. App. 205.

IV. And the mere fact that Guenther conveyed this land to his father, or caused McKean to convey it, in payment of his individual debt, was not a fraudulent disposition of partnership property.

V. Guenther had a right to convey this property in payment of a *bona-fide* debt. *Knapp, Stout & Co. v. Joy*, 9 Mo. App. 47.

VI. No disposition which Guenther might make of this land, long after the dissolution of the partnership, could bind such former partnership, nor would it support an attachment against Blackman.

VII. A partner, although the firm may be embarrassed, has a right to sell out. And I do not think it worth while to argue the proposition, that if such retiring partner receive money or property for his interest, that any disposition he may make of it, cannot render the firm or firm property liable to attachment, on the sole ground that the partners have fraudulently disposed of their property, etc., so as to hinder and delay their creditors.

HALL, J.—This was an action by attachment for goods sold and delivered by the plaintiffs to the defendants, doing business as partners.   One ground alleged for the writ of attachment was, that the defendants had fraudulently conveyed and assigned their property so as to hinder and delay their creditors   A plea in abatement was filed by the defendants, on a trial of which they had judgment, from which the plaintiffs have appealed to this court.

The record in this case is very unsatisfactory.   It does not appear what property was attached, and the evidence is not as full as it should be.   But from the evidence offered by the plaintiffs and refused by the court, and that introduced by the plaintiffs, it appears that the defendant partnership owed, at the time hereinafter mentioned, the sum of thirty-five hundred dollars ; that, on or about November 24, 1884, Guenther sold his interest in the partnership property to one McKean for twenty-nine hundred dollars, receiving certain real estate at twenty-two hundred dollars and the balance in money and notes, the real estate being conveyed directly to Guenther's father in payment of an individual debt which Guenther owed him ; and that, in the latter part of December, 1884, Blackman sold his interest in the partnership property to said McKean for two thousand, or twenty-two hundred dollars, all cash.

On such evidence the court instructed the jury to return a verdict for the defendants.

The sale of Guenther was not a sale by the partnership.   Proof of such sale did not sustain the allegation that the defendants had conveyed their property. The sale by Guenther of his interest in the partnership property dissolved the partnership.   Story on Part., secs. 3072, 3078 ; *Spanhort v. Link*, 46 Mo. 199.   McKean acquired only the interest that Guenther had in the partnership property, viz., one-half of the residue after all the partnership debts and liabilities should be discharged.   2 Lind. on Part. 698.   The property of the

partnership was as completely as ever subject to the rights of the partnership creditors. The dissolution of the partnership in no wise affected those rights. Though dissolved, the partnership continued to exist for the purpose of collecting the assets, paying the debts, and winding up the concern. Story on Part., secs. 324, 325; *Mudd v. Bast*, 34 Mo. 468.

Since Guenther sold nothing but his interest in the partnership property, what he received in consideration of the sale by him was his individual property, and in no sense belonged to the partnership. Therefore, Guenther had the right to transfer such consideration in whole or in part to his individual creditor.

We thus find that, under the evidence, not only did Guenther convey simply his individual property, but also that the conveyance by him was not fraudulent. No ground has been suggested by counsel for the plaintiffs, and none has occurred to us, on which the sale by Blackman of his interest in the partnership property can be held to be fraudulent. As to the sale by him the evidence merely shows the sale, nothing more. Under the evidence we cannot see on what ground the sale can be held to be fraudulent. The evidence does not show that neither Guenther nor Blackman was amply responsible for all the partnership debts.

We think that the judgment should be affirmed. It is so ordered. All concur.