WILLIAM A. HARGADINE et al., Respondents, v. ISAAC
W. GIBBONS, Appellant.

St. Louis Court of Appeals, May 12, 1891.

1.  Partnership: DISSOLUTION: CHOSES IN ACTION. Upon the death
    of a member of a partnership, whether before or after the dissolu-
    tion of the firm, the surviving partner, at common law, succeeds
    to the choses in action of the partnership, holding them for part-
    nership purposes, and is the proper party to institute suit for the
    collection thereof. This common-law right of a surviving partner
    is not impaired by the statutes of this state, so long as the legal
    representative of the deceased partner has not qualified as admin-
    istrator of the partnership estate by giving bond under the statute,
    owing to the failure of the surviving partner to do so.

2.  ———: ———: JUDGMENTS. Accordingly, if a judgment is recov-
    ered in the names of all the partners after the dissolution of the
    partnership, and one of the partners dies after the recovery thereof,
    the surviving partners have the exclusive right to sue on such
    judgment and the legal representative of the deceased partner
    should not be joined in the action, when neither they nor such
    legal representative have given bond for the administration of the
    partnership estate.

Appeal from the St. Louis City Circuit Court.—HON.
DANIEL DILLON, Judge.

AFFIRMED (and certified to the supreme court).

*W. H. Clopton*, for appellant.

*Richards & Williams*, for respondents.

THOMPSON, J.—This action was brought by the surviving partners of the late firm of Crow, McCreery & Co., on a judgment recovered by that firm against the defendant in the year 1876, some fourteen years before the commencement of the present action. The only defense is that the right of action upon the judgment is not in the surviving partners, but that it is in the surviving partners and the executors of the deceased partners, and that they must all join in the action. The partnership firm of Crow, McCreery & Co. expired by limitation prior to the recovery of the judgment, and was in process of liquidation when the judgment was recovered. At the date, when the firm expired by limitation and went into liquidation, all the partners were alive, and so they were at the date of the recovery of the judgment; but since that time, and before the commencement of the present action, two of the partners have died, and executors have been appointed upon their estates.

The view urged upon us on behalf of the defendant is that, as the partnership was not dissolved by the death of any of its members, but was dissolved by the expiration of the period of limitation prescribed in its articles, the subsequent death of two of its members did not leave the survivors in the status of surviving partners in the sense which enables them to sue upon this judgment. This view seems to us to proceed upon a misconception of the effect produced by the dissolution of a partnership. The dissolution of a partnership, whether it takes place by the death of a member, or by the expiration of the period of limitation named in the partnership articles, does not produce a cesser of the partnership relation for all purposes, but only for the purposes of continuing the partnership business and

incurring new liabilities. The partnership still continues for the purposes of liquidation,—that is to say, for the purposes of collecting the assets, and of paying the debts. If some of the partners die, this power to collect the assets and pay the debts of the partnership vests in the survivors; and in principle and in practical sense it can make no difference whether the partners, who die, die before the expiration of the firm by limitation, or afterwards. The surviving partners may decline this office by refusing to give bond and to proceed as required by the statute relating to administration, in which case the executors of the deceased partners may assume it. But there is no such principle known to the law, as that the surviving partners and the executors of the deceased partner can continue the partnership together for the purposes of liquidation, unless the partnership articles so provide. The office and duties of collecting its assets and paying its debts must devolve upon the one party or the other, and cannot be devolved upon them in common.

In respect of *choses in action*, the law has been stated to be that, whenever a partnership is dissolved by death, although the personal representatives of the deceased partner become tenants in common with the survivor of all the partnership property and effects in possession, they do not become tenants in common of the *choses in action* belonging to the partnership, for they belong to the survivor. The legal title to them by operation of law is cast upon the survivor, and he must sue upon them in his own name without joining the representatives of the deceased partner, and he will be accountable to the partnership for whatever he collects. *Bredow v. Savings Inst.*, 28 Mo. 181, citing Story on Partnership, sec. 346.

A judgment recovered by a partnership, when used as the foundation of another action, is a mere *chose in action*, the same as a bond, note or other paper evidence of indebtedness. The right to sue upon it vests in the

surviving partners, and it makes no difference whether the deceased partners died before or after the partnership entered upon the period of liquidation.

In the case of *Ober v. Railroad*, 13 Mo. App. 81, this court held that the surviving member of a partnership succeeds to the rights of action of the firm, notwithstanding the dissolution may have taken place prior to the death of the other partner, and while the business of the partnership was in liquidation. In that case the right of action was for damages against a common carrier for delay in making a shipment of goods. But the principle must be the same in application to all rights of action. It is true that that case was decided in accordance with the law of Arkansas, and that this court cited and relied on the decision of the supreme court of Arkansas in *Stillwell v. Gray*, 17 Ark. 473. But Arkansas was once a part of the territory of Missouri ; a considerable portion of its statute law and of its judiciary system was inherited from us ; and there is no reason to believe that in this particular the law of Arkansas is different from the law of Missouri, or from the general law.

We would stop here, and our decision would rest upon elementary principles in the law of partnership, which every well-informed lawyer is presumed to understand, were it not for the decision of our supreme court in *Mutual Savings Inst. v. Enslin*, 37 Mo. 453. This decision grew out of the same transaction as the decision which we have already quoted in *Bredow v. Savings Inst.*, 28 Mo. 181. Laying out of view matters of detail, the earlier of these cases held that the surviving partner of a firm, whose other partner had died since the dissolution, has the power to transfer promissory notes of the firm to secure the transferees against their liability as accommodation indorsers for the firm ; while the later decision, involving the same transaction, held that the surviving partner has no such power. The

Hargadine v. Gibbons.

former decision proceeded upon the view that the transfer of the notes was an act, which the surviving partner had the power to do in liquidation of an obligation of the firm to its accommodation indorsers, and that it was not beyond the power of the surviving partner, because it imposed no new liability upon the firm. It also held that the power of the surviving partner was not suspended until he should give bond as required by the statute relating to administration, and that it was not superseded by the appointment of an administrator of the estate of the deceased partner, the latter not having given the bond required by the statute as an administrator of the partnership estate. It also held, and in conformity with the most elementary principles in the law of partnership, that, until the administrator of the deceased partner had given bond for the administration of the partnership estate, he had no power to meddle with the winding up of the affairs of the partnership. In the former case the decision of the court was written by Judge RICHARDSON, and it has been frequently quoted in subsequent cases as a lucid exposition of this branch of the law of partnership.

The later decision in 37 Mo. misapprehends the most fundamental principles of that law. In the first place, it undertakes to draw a distinction in respect of the powers of surviving partners between the case, where the deceased partner dies before the partnership has been otherwise dissolved, and the case where he dies after it has been otherwise dissolved and while it is in liquidation. This proceeds upon the conception that, when the partnership was dissolved, during the lifetime of both partners by mutual consent, the two partners sank to the position of tenants in common, and their mutual agency and trusteeship thereupon ceased. Judge LOVELACE, who wrote the opinion of the court, said : "Enslin [ administrator of the deceased

partner], as administrator of Golberg [the deceased partner], was at least a tenant in common with Keohls [the surviving partner], or his assignee, and had an equal right, if he had no better, to reduce the note to possession, and collect it, and apply it to the payment of the partnership debts; and for doing that he is not liable." After a long search, I have not been able to find a single case, either within or without this state, that gives sanction to such a doctrine ; nor have I found a case, which bears upon the question and which does not expressly repudiate it, as a matter of elementary law.

In the first place I can find no distinction in the books, outside of this case, in respect of the powers of surviving partners, between the case where the deceased partner dies while the partnership is a going concern, and the case where he dies after it has been dissolved, and while it is in process of liquidation. There is no foundation in principle for any such distinction. The surviving partner and the executor or administrator of the deceased partner are *not* tenants in common of the partnership choses in action in any conception of the common law. By the original principles of the common law, the estate of partners was a joint estate, and their obligations were joint obligations. The result was that, when a partner died, the survivor took the entire estate by the *jus accrescendi*, though for partnership and not exclusively individual purposes (*Egberts v. Wood*, 3 Paige, 517 ; s. c., 24 Am. Dec. 236, 243 ); and the creditors of the firm simply had one debtor less. *Waydell v. Luer*, 3 Denio, 410 ; *Fogarty v. Cullen*, 49 N. Y. Sup. 397 ; *Gleason v. White*, 34 Cal. 258 ; *Friermuth v. Friermuth*, 46 Cal. 42 ; *Emanuel v. Bird*, 19 Ala. 596 ; s. c., 54 Am. Dec. 200 ; *McLain v. Carson*, 4 Ark. 164 ; s. c., 37 Am. Dec. 777. In equity this rule has been modified so as to make the liabilities of the partners several as well as joint, and so as to clothe each partner with liability for all the debts of the firm ; and statutes have been enacted declaratory of the

equity rule. Such a statute exists in this state' in the following language: "In all cases of joint obligations and joint assumptions of copartners or others, suits may be brought and prosecuted against any one or more of those who are so liable." R. S. 1879, sec. 661; R. S. 1889, sec. 2387; *Shackelford v. Clark*, 78 Mo. 491; *Eaton v. Walsh*, 42 Mo. 272. But the doctrine, that the surviving partner takes the entire partnership estate by virtue of the *jus accrescendi* for the purposes of partnership liquidation and settlement, and that the executor or administrator of the surviving partner takes no legal interest therein or right thereto, except the right to maintain a suit in equity to bring the surviving partner to an account for the administration of his trust, or except such rights as may be conferred upon him by statute, is recognized as elementary law in every case upon the subject which I have found after an extensive examination, except the case in 37 Mo. upon which I am commenting.

In *Shields v. Fuller*, 4 Wis. 102; s. c., 65 Am. Dec. 293, it is said by the court, speaking through Chief Justice WHITON: "The doctrine, that, when a partnership is dissolved by the death of one of the partners, the survivor is entitled to the assets of the firm for the purpose of paying its debts, and that he can, as such survivor, maintain actions at law for the purpose of collecting debts due the firm, to the exclusion of the administrator of the deceased partner, is so well settled that no authority need be cited to sustain it." In one of the earliest reported judicial decisions in this country, a decision of the court of common pleas of Philadelphia, it was held that, where a debtor of a partnership firm pays the debt to the executor of a deceased partner, the surviving partner can compel him, in an action at law, to pay it again. SHIPPEN, President, said: "A payment to an executor or administrator can be no satisfaction to a surviving partner, who has the sole right

of suing for, and of receiving, the moneys due to the company. The point of law is, therefore, exceedingly clear." *Wallace v. Fitzsimmons*, 1 Dall. 249 (*Anno* 1778). Two years later the same court had before it a case, where one of the members of a foreign partnership had come to this country to collect its debts and had received certain promissory notes therefor, and had then died, and these *choses in action* had passed into the hands of his administrator. It was held that the administrator of the deceased held the *choses in action* in trust for the surviving partner, the court saying: "The surviving partner, being responsible for all the company's debts, was entitled to recover all the company credits." In *Wickliffe v. Eve*, 17 How. (U. S.) 468, it was held, on a question of jurisdiction, that the surviving partner is the legal owner of the partnership *choses in action*. In *Voorhis v. Childs*, 17 N. Y. 354, 356, it is said by SELDEN, J.: "The surviving partners succeed primarily to all the rights and interests of the partnership. They have the entire control of the partnership property, and the sole right to collect the partnership dues." The principle is reaffirmed in *Nehrboss v. Bliss*, 88 N. Y. 600, 604, citing elementary authorities, in the following language: "Upon the death of Pierce, the legal right, under the firm contracts or causes of action, and the sole right to collect the partnership debts, remained in the survivor, and vested so effectually, that, upon his death, it would have devolved upon his personal representative, and he alone could sue upon it." Among the numerous cases which declare and apply this elementary principle, I cite the following, which I find collected in a learned note by Mr. Freeman to *Shields v. Fuller*, 65 Am. Dec. 293: *Barry v. Briggs*, 22 Mich. 201; *Offutt v. Scott*, 47 Ala. 104; *Miller v. Jones*, 39 Ill. 54; *Dwinel v. Stone*, 30 Me. 384; *Allen v. Hill*, 16 Cal. 113; *Evans v. Evans*, 9 Paige, 178; *Hanna v. Wray*, 77 Pa. St. 27; *Marlatt v. Scantland*, 19 Ark. 443; *Murray v. Mumford*, 6 Cow. 441;

*Shearer v. Shearer*, 98 Mass. 107 ; *Case v. Abeel*, 1 Paige, 393; *Roys v. Vilas*, 18 Wis. 169 ; *Hutchinson v. Smith*, 7 Paige, 26 ; *Loeschigk v. Hatfield*, 5 Robt. 26 ; *Peyton v. Stratton*, 7 Gratt. 380 ; *Dundass v. Gallagher*, 4 Pa. St. 205 ; *McCormack's Appeal*, 55 Pa. St. 252; *Moffatt v. Thomson*, 57 Am. Dec. 737; *Pinckney v. Wallace*, 1 Abb. Pr. 82 ; *Tillotson v. Tillotson*, 34 Conn. 335; *Florida v. Redding*, 1 Fla. 242 ; *Gray v. Palmer*, 9 Cal. 616 ; *Holland v. Fuller*, 13 Ind. 195; *Pfeffer v. Steiner*, 27 Mich. 537 ; *Willson v. Nicholson*, 61 Ind. 241; *Philips v. Philips*, 3 Hare, 281.

In the case before us we are concerned alone with the power of the surviving partner to sue upon and reduce to judgment the choses in action belonging to the firm. That this power resides alone in the surviving partner or partners, and that the representatives of the deceased partner cannot be joined with him or them in such an action, is shown by the following cases : *Davis v. Church*, 1 Watts & S. 241; *Bernard v. Wilcox*, 2 Johns. Cas. 374; *Belton v. Fisher*, 44 Ill. 32 ; *Roys v. Vilas*, 18 Wis. 169 ; *Walker v. Galbreath*, 3 Head. 315 ; *McCandless v. Hadden*, 9 B. Mon. 186. In *Clark v. Howe*, 23 Me. 560, the partners had agreed between themselves that the beneficial interest in a note belonging to the partnership should be in one of them; it was, nevertheless, held that, after the death of the partner to whom the beneficial interest had been thus assigned, the survivor must bring the action upon it and in his own name; for the legal title was in him. In *Teller v. Wetherell*, 9 Mich. 464, an action was brought in the name of both partners, one of whom was dead, and it was held that a judgment rendered therein would be reversed on error, though it does not quite appear upon what principle the improper using of the name of the deceased partner would defeat the right of action of the survivor. In Ohio the principle was carried so far as to hold that a surviving *dormant partner* may sue alone upon a partnership contract. *Beach v. Hayward*,

Hargadine v. Gibbons.

10 Ohio, 455. That the surviving partner has the exclusive right to the possession and control of the partnership assets, is also shown by the following decisions: *Bischoffshein v. Baltzer*, 20 Fed. Rep. 890; *Bohlder v. Tappan*, 1 McCrary ( U. S. ) 134. That the executor of a deceased partner cannot interfere in the settlement of the partnership affairs, except in so far as he is empowered to do so by statute or by the principles of equity, is shown in *Watson v. Miller*, 55 Tex. 289.

These principles being elementary, it remains to consider how far the powers of a surviving partner, in dealing with the partnership assets, have been curtailed by the statute relating to the administration of partnership estates. The two sections of that statute, material to be considered, are as follows: "In case of the death of a member of a copartnership, the surviving partner or partners, resident in this state, shall administer the effects and estate of the copartnership in the county in which the copartnership business was conducted, on giving bond as hereinafter provided." R. S. 1889, sec. 56. "If the surviving partner shall not have administered on the partnership estate at the time the executor or administrator of the estate of the deceased partner shall proceed to take his inventory, it shall be the duty of such executor or administrator to return to the court an inventory of the whole of the partnership estate, goods and chattels, rights and credits, appraised at their true value, as in other cases; *but, provided, however*, the administrator shall keep said partnership estate separate and distinct, and shall account and report in all respects for same as a separate estate." R. S. 1889, sec. 57.

It is the settled construction of this statute that it does not operate to displace the common-law title and the common-law powers of the surviving partner, until the executor or administrator of the deceased partner elect to give bond for the administration of the partnership estate under the statute, owing to the failure or

refusal of the surviving partner so to do, in which case he succeeds the surviving partner to the right of administration. This doctrine was thus stated by Judge RICHARDSON, in *Bredow v. Savings Inst.*, 28 Mo. 181, 184: "If the surviving partner executes a bond, as provided in the fifty-fourth and fifty-sixth sections of the act, he cannot be disturbed by the personal representatives of his deceased partner in the possession of the partnership property, and in the right to use it in any manner consistently with the primary duty of closing the partnership affairs. He ought to give the bond required by law, whenever he undertakes to wind up the partnership estate, and, if he fails to do so for the period of thirty days after letters testamentary or of administration have been granted on the estate of the deceased partner, he is liable at any time to have the business taken out of his hands; but this power as surviving partner is not suspended until he gives a bond; nor is it superseded by the mere appointment of an administrator of the deceased partner ; for the administrator as such has no right to administer upon the partnership effects without giving an additional bond."

This decision was quoted, and this principle reaffirmed by the supreme court in the subsequent case of *Easton v. Courtwright*, 84 Mo. 27, in which Mr. Commissioner PHILIPS declared it to be the generally accepted doctrine of this country. He also cited Kelley's Probate Guide ( a local work upon our Missouri system of administration ), at page 230, *et seq.*, "as evidence of the understanding of the profession." The decision in 37 Mo. was not noticed. The same principle was recognized by Judge NORTON in *Matthews v. Hunter*, 67 Mo. 293, where, speaking of the interest of the surviving partner and the heirs of the deceased partner in partnership real estate, he said that, if the surviving partner had sold and conveyed the property in pursuance of law to pay the debts of the firm the heirs of the deceased partner would have taken no interest or estate

in it. In *Orrick v. Vahey*, 49 Mo. 428, 431, our supreme court again quoted *Bredow v. Savings Inst.*, 28 Mo. 185, but without noticing the subsequent decision in the case in 37 Mo. The language of the court is as follows: "It is obvious that the inventory and appraisement, provided for in sections 53 and 54, are for the purpose of ascertaining the interest of the deceased member, but they do not authorize the administrator on the personal assets to take charge of the partnership property or exercise any control over the same. In all instances the surviving partner has the choice to administer on the partnership effects, if he sees proper to do so; but, if he neglects, then the individual administrator may take out letters of administration on the partnership estate." In *Denny v. Turner*, 2 Mo. App. 52, 55, the doctrine of *Bredow v. Savings Inst.*, *supra*, is affirmed by Judge LEWIS in the following language, though without citing that case: "It must be observed that our statutes nowhere mention the granting of letters of administration to a surviving partner. By the spirit and effect of our legislation, *his common-law rights are left untouched*, with the single proviso that he shall give security for a fair and proper settlement of the partnership affairs, and a just distribution of the assets." In the earlier case of *Green v. Virden*, 22 Mo. 506, the county court had undertaken to revoke the powers of a surviving partner, under the statute which authorizes such a proceeding in the case of an executor or administrator who has become a non-resident of the state. The supreme court denied the application of the statute to the case of a non-resident surviving partner, declaring that "it would be against all principle to assume by implication a power of taking away the right of control *which a man has over his own property*."

Such being the undoubted law, it remains to devote some special attention to the question, whether the fact that the partnership has been dissolved and has entered upon the period of liquidation, prior to the death of

the partner, takes the case out of the rule. The supreme court in *Mutual Savings Institution v. Ens-lin*, already cited from 37 Mo. 453, hold that it does. Judge LOVELACE, as seen in the passage already quoted from the opinion, distinctly states that the administrator of the deceased partner becomes at least a tenant in common of partnership *choses in action* with the surviving partner, and that he has an equal right, if no better, to reduce the *choses in action* into possession, to collect them and to apply them to the payment of the partnership debts. As the administrator of the deceased partner had not given the bond required by the statute already quoted, as administrator of the partnership assets, it is perceived that this dictum is contrary to all principle; contrary to all decisions cited from other jurisdictions, and contrary to all the decisions in this state upon the subject before or since. It is a gross misconception that the conventional dissolution of a partnership puts an end to the partnership relation for all purposes, and destroys the relation of agency and trusteeship, which subsists between the partners for partnership purposes. On the contrary, that relation continues, so far as it is necessary for its exercise in the collection of the assets and the payment of the debts of the firm. The language of Mr. Justice STORY on this subject has been more than once quoted with approval by our supreme court: "Notwithstanding the dissolution of the partnership there still remain certain rights, duties, powers, authorities and relations between them ( the partners ) which the law recognizes and supports because they are, or may be, indispensable to the complete arrangement and final settlement of the affairs of the partnership, and, therefore, in a qualified and limited sense, the partnership may be said for those purposes to continue between the parties until such arrangement and settlement take place. Indeed, as has been well said by a learned author on this subject, from the very nature of a partnership,

engagements may be contracted which cannot be fulfilled during its existence, exposed as it is to sudden and arbitrary termination, and the consequence, therefore, must be that, for the purpose of making good outstanding engagements, of taking and settling all accounts, and converting all the property, means and assets of the partnership existing at the time of the dissolution, as beneficially as may be for the benefit of all who were partners, according to their respective shares and proportions, the legal interest must subsist; although for all other purposes the partnership is actually determined." This language was quoted with approval by our supreme court in *Mudd v. Bast*, 34 Mo. 465. This language, and much more from the same author to the same, effect was again quoted with approval by our supreme court in *Coudrey v. Gilliam*, 60 Mo. 86, 92. In *Tutt v. Cloney*, 62 Mo. 116, 119, the same court citing *Mudd v. Bast, supra*, said: " The established rule on the law of partnership is, that a dissolution puts an end to the joint powers of the partners, but that, for the purpose of collecting the debts and settling the affairs of the firm, the partnership still exists." The same principle was recognized and applied in *Fourth National Bank v. Henchen*, 52 Mo. 207, where it was held that a partnership, though dissolved, is still in existence, so far as makes one partner capable of receiving demand and notice of protest of commercial paper of the firm ; and the doctrine of this case was reaffirmed in *Fourth National Bank v. Altheimer*, 91 Mo. 190, 194. In *Filbrun v. Ivers*, 92 Mo. 388, 392, our supreme court held that the rights and duties of partners, as between themselves, are to be governed by the rules applicable to trustees and agents, and that the trust relation which exists between them is not terminated with the dissolution of the partnership, but continues until a final adjustment and settlement of the partnership affairs. To the same effect is *Bender v. Markle*, 37 Mo. App. 234. We may, therefore, conclude that it is not, and never has been,

the law of this state, as stated by Judge LOVELACE, in the case of 37 Mo., that, upon the dissolution of a partnership, the members sink to the mere relation of tenants in common in respect of the partnership property. Indeed, in another part of the same opinion Judge LOVELACE concedes that, while partners cannot, after dissolution, bind each other by new contracts, yet, "they may reduce choses in action to possession, and use them for the payment of the liabilities of the firm." No principle can be conceived of, under which this power of reducing choses in action to possession and using them for the payment of the liabilities of the firm, possessed by each partner, can be held to be divested out of one by the death of the other. As this court held in *Ober v. Railroad*, 13 Mo. App. 81, there is an existent partnership for qualified purposes after dissolution; and, if, while the partnership is thus existent and in process of liquidation, one partner dies, the other takes as surviving partner, and is entitled to proceed with the liquidation, subject to the right of the executor of the other to take the administration out of his hands, under the statute, if he does not give the statutory bond. The mere fact that there has been a conventional dissolution of the partnership prior to the death of one of the partners does not change the tenure by which the survivor holds the partnership effects, or make it at all different from what it would be in case the partnership had been dissolved in the first instance by limitation.

But it is argued that this question is governed by the following statutory provision: "If one or more plaintiffs in a judgment or decree shall die before the same is satisfied or carried into effect, the judgment or decree, if concerning the personalty, shall survive to the executors or administrators of such deceased party." R. S. 1889, sec. 6023. This statute does not affect the question of the right of the surviving members of a partnership firm to bring a new action upon a judgment recovered by the firm.

The judgment of the circuit court will, therefore, be affirmed. It is so ordered. All the judges concur. But one of the judges being of opinion that the decision in this case is contrary to the decision of the supreme court in the case of *Mutual Savings Institution v. Enslin*, 37 Mo. 453, it is ordered that this case be certified to the supreme court for final determination.