FOURTH NATIONAL BANK OF ST. LOUIS, Respondent, vs. FRED-
ERICK W. HEUSCHEN, et al., Appellants.

52   207
45a  473

1. *Bills of Exchange and Promissory Notes—Protest—Indorsers—Due dili-
gence—Questions of Law and of Fact.*—When the facts are agreed on, due dili-
gence in making a demand of payment is a question of law; when the facts
are not agreed on, it is a mixed question of law and fact.
2. *Bills of Exchange and Promissory Notes—Protest—Partnership, dissolution
of—Notice.*—A partnership, though dissolved, is still in existence so far as the
question of demand and protest of their negotiable paper, and notice thereof
is concerned; and a demand made on one of the partners, or made at a place
which one of the partners said was their place of business, is good.

*Appeal from St. Louis Circuit Court.*

*Hitchcock, Lubke and Player,* for Appellants.

"Service of notice of protest by a notary through the hands
of a clerk," without stating the nature of that notice, and es-
pecially that the indorser is looked to for payment, is *not* " suf-
ficient to charge the indorsers." (34 Mo., 575). If the makers
of the note had changed or given up their places of business,
a demand at their old place of business or late place of busi-
ness would be insufficient. (McGruder vs. Bank, 9 Wheat.,
598 ; Anderson vs. Drake, 14 Johns., 114 ; Reid vs. Morri-
son, 2 Watts & Serg., 401.)

*Finkelnburg and Rassieur,* for Respondent.

Actual demand is not necessary in all cases, but there must
be proof of either an actual demand or of due diligence, and
the latter is sufficient to hold the indorser. (Parsons on Bills,
Vol. 1, pp. 443 and 457 ; Story on Notes, § 264 ; Holtz vs. Bop-
pe, 37 N. Y., 634 ; Plahto vs. Patchin, 26 Mo., 390 ; Rawdon
vs. Redfield, 2 Sand., 178.) The notary may act upon the best
information he can get, although it be uncertain. (Harris vs.
Robinson, 4 How. U. S., 346 ; Bartlett vs. Isbell, 31 Conn., 296.)

What is due diligence is a question of law, to be fixed by
an instruction of the Court upon the circumstances of each
case. (Linville vs. Welch, 29 Mo., 203 ; Bank of Columbia vs.
Lawrence, 1 Peters, 578 ; Harris vs. Robinson, 4 How. U. S.
336 ; Ransom vs. Mack, 2 Hill, 587.)

If a firm has dissolved and has no place of business as a

firm, then a demand at the place of business of either one of the partners is sufficient. (Story on Notes, § 239.)

A demand upon either partner in person is sufficient. (Story on Notes, § 239.)

ADAMS, Judge, delivered the opinion of the court.

This was an action on a negotiable promissory note, by the plaintiffs, as holders for value before maturity, against the makers and indorsers.

The note was made by a partnership composed of the defendants, Frederick W. Heuschen, Frederick Krite and Frederick Perschbacker, whose firm name was "Heuschen, Krite & Co." It was executed to the defendant, John H. Schaales, who indorsed the same to Wilhelm Ricke, and Ricke to the defendant, Frederick W. Heuschen, and he to the plaintiff.

At the close of the evidence the plaintiff asked the following instructions, which were refused by the Court and exceptions duly saved:

"1. The Court declares the law to be that service of notice of protest by a notary, through the hands of a clerk, is sufficient to charge the indorsers, and the notarial certificate verified by affidavit is evidence of such service."

"2. If the Court, sitting as a jury, believe from the evidence that at the maturity of the note it was placed in the hands of a notary public who during business hours of that day presented the same for payment at a place of business bearing the sign of Heuschen, Krite & Co., a place where said firm had been doing business for several years and which a person in charge thereof then and there represented as the place of business of Heuschen, Krite & Co., to which place plaintiff had been directed by one of the partners as their place of business about ten days previously, and which the same partner designated to the notary as their place of business on the day of maturity, and that furthermore said notary presented said note for payment to F. W. Heuschen, a member of said firm, in person on the same day, then there was sufficient demand to charge the indorsers although the Court may believe that a dissolution of said firm had in fact taken place previous to the maturity of said note."

The Court then at the instance of the defendants and against the objections of the plaintiff gave the following declaration.

"If the makers of the note sued on in this cause had a place of business in the city of St. Louis, but the individuals, or either of them, composing the firm of Heuschen, Krite & Co., resided in the said city of St. Louis, it was the duty of the notary to demand payment of said note of the makers thereof or either of said makers or at their place of residence or the place of business of any one of them."

The case had been submitted for trial to the court sitting as a jury, and when the Court refused the plaintiff's instructions and allowed those of defendants, the plaintiff took a non-suit and by leave moved to set it aside, which motion being overruled he appealed to general terms when the judgment at special term was reversed and the cause remanded, and the defendants have appealed to this Court.

On the trial at special term the plaintiff gave evidence tending to prove the facts as set forth in the second instruction, but failed to give any evidence in regard to the notice by the notary's clerk, and it will be unnecessary to pass upon the plaintiff's first instruction. The bill of exceptions shows that there were two similar cases tried by the court at the same time and the first instruction may have had reference to the other case.

The indorsers of a negotiable note are only liable in case due diligence has been used to make a demand of payment from the makers and due notice given to them in case the note is dishonored.

Where the facts are agreed on, due diligence in making a demand is a question of law; but when the facts are not agreed on, the question of due diligence becomes a mixed question of law and fact. That is, the jury are to find the facts and the Court is to pronounce the law upon the facts as they may be found by the jury. The usual way is to state in the instruction hypothetically the facts to be found from the evidence by the jury, and to pronounce upon those facts so to

be found, the conclusion of law resulting therefrom. This mode was pursued in the second instruction asked by the plaintiff. The evidence strongly tended to prove the facts as hypothetically put in that instruction. Those facts, if found to be true, in my judgment, as a matter of law, constituted due diligence in making a demand of payment on the makers of the note so as to fix their responsibility so far as such demand was necessary. A personal demand of payment on one of the parties was sufficient, although such demand may have been made after the dissolution of the firm ; or a demand made in good faith at the late place of business of such firm, made on information, whether true or false, received from a member of the firm that such place was the proper place to make the demand, would constitute due diligence. A partnership, although dissolved, must be treated as still in existence so far as the question of demand, protest and notice is concerned, and the acts of one partner in such case must be considered as binding on all the others. Therefore the facts indicated in plaintiff's second instruction constituted not simply due, but extraordinary diligence in making demand of payment of the makers of the note.

The instructions given at the instance of the defendants did not cover the whole case as made by the plaintiff. The plaintiff had the right to have his case as made by the evidence presented by a proper instruction.

The judgment at General Term will therefore be affirmed. The other Judges concur.