FOURTH NATIONAL BANK OF ST. LOUIS v. ALTHEIMER, *Appellant.*

1. **Promissory Note:** NOTICE OF DISHONOR TO PARTNERSHIP. Notice to partners as endorsers of a dishonored note is sufficient, when left either at the place of business of the firm with some one in charge thereof, or at the residence or domicile of one of the partners.

2. ——— : ———. A partnership, although dissolved, must be treated as still in existence, so far as the question of demand, protest, and notice is concerned, and the act of one partner in such case is binding on his co-partners.

3. **Partnership**: PARTICIPATION IN PROFITS: PRIMA FACIE CASE. Participation in the profits, as such, of a firm is *prima facie* evidence of partnership. Such *prima facie* case may be rebutted by evidence that the profits were not received as such, but as compensation for services, or the like.

4. ——— : ——— : ———. Where the *prima facie* case is made out and there is no such rebutting evidence, it becomes conclusive, and it is then proper to so instruct the jury.

*Appeal from St. Louis City Circuit Court.*—HON. G. W. LUBKE, Judge.

AFFIRMED.

*Broadhead & Haeussler* for appellant.

(1) Notice of the protest and non-payment of the note in question was not given to this defendant. (2) The court erred in giving plaintiff's third instruction. Participation in the profits of a co-partnership firm does not necessarily constitute a person a partner therein. *Wiggins v. Graham*, 51 Mo. 18 ; *Campbell v. Dent*, 54 Mo. 325 ; *Phillips v. Samuel*, 76 Mo. 657 ; *Gill v. Feriss*, 82 Mo. 156, 167. (3) The court erred in refusing defendant's instructions, one, two, three, four, and six.

*G. A. Finkelnburg* for respondent.

(1) The third instruction given for plaintiff was a correct statement of legal principles as applied to the facts of this case. *Grace v. Smith*, 2 Wm. Black. 998 ; *Waugh v. Carver*, 2 H. Black. 235 ; *Ex parte Hamper*, 17 Ves. 404 ; *Ex parte Rowlandson*, 1 Rose, 91 ; *Hesketh v. Blanchard*, 4 East, 144 ; *Heyhoe v. Burge*, 9 C. B. 431 ; *Manhattan Brass Co. v. Sears*, 45 N. Y. 797 ; *Leggett v. Hyde*, 58 N. Y. 272, 278 ; *Purviance v. McClintie*,

6 S. & R. 259; *Brown v. Cook*, 3 N. H. 64; *Miller v. Hughes*, 1 A. K. Marsh. 184; *Scott v. Colmesnil*, 7 J. J. Marsh. 416; *Taylor v. Ferme*, 3 Harr. & Johns. 505; *Wood v. Valette*, 7 Ohio St. 172; *Buckner v. Lee*, 8 Geo. 285. (2) Assuming that a partnership existed, either in fact or as to third persons, the notice of protest was sufficient to bind the defendant. Story on Notes, sec. 308; *Bouldin v. Page*, 24 Mo. 594. So also after dissolution. 2 Daniels Neg. Inst., sec. 999; 1 Parsons B. & N. 502; *Fourth National Bank v. Heuschen*, 52 Mo. 207, 210. (3) The evidence conclusively shows that the verdict was for the right party, and no error having occurred materially affecting the merits of the action, this court will not reverse for a new trial. R. S., sec. 3775; *Tate v. Railroad*, 64 Mo. 149; *Nelson v. Foster*, 66 Mo. 281; *Noble v. Blount*, 77 Mo. 235; *Bradford v. Floyd*, 80 Mo. 207; *Methudy v. Ross*, 81 Mo. 481; *Otto v. Bent*, 48 Mo. 23; *Hedecker v. Granzhorn*, 50 Mo. 154; *Kaskings v. Railroad*, 58 Mo. 302; *Presbit v. Martin*, 59 Mo. 325; *Noffsinger v. Bailey*, 72 Mo. 216; *State v. Hopper*, 71 Mo. 425.

NORTON, C. J.—The petition in this case alleges that Gerson L. and Solomon B. Altheimer were copartners, under the firm name of G. L. & S. B. Altheimer, and that S. B. Altheimer and defendant, Gustavus Altheimer, were partners under the name of Altheimer & Company; that G. L. & S. B. Altheimer, on the thirteenth of August, 1879, made their promissory note to the order of Altheimer & Company, in which they promised to pay, eighty days after date, the sum of $2,750; that Altheimer & Company transferred, by endorsement, said note to plaintiff for value; that said note was not paid at maturity, but was protested, due notice of which was given.

Defendant, Gustavus Altheimer, filed his separate answer, in which he denies that he endorsed said note, and also denied that he was a member of the firm of

Altheimer & Company at the time of the alleged endorsement and negotiation of the note to plaintiff. On the trial, judgment was rendered for the plaintiff, from which defendant, Gustavus Altheimer, has appealed, and assigns for error the action of the court in giving and refusing instructions. The instructions given for the plaintiff, and excepted to, are as follows :

"2. If the jury believe, from the evidence, that, upon the fourth day of November, 1879, the plaintiff caused the note sued on to be presented at the Fourth National Bank, and payment of the same to be there demanded, and that such payment was not made, and that, thereupon, on the fifth day of November, a written notice of such presentment, demand, and non-payment, was left, either at the place of business of Altheimer & Company, or left at the place of residence of a member of said firm of Altheimer & Company, with a person in charge thereof, then the jury are instructed that said firm had notice of such demand, and non-payment of said note, and no presentment to either G. L. or S. B. Altheimer, in person, was necessary."

"3. The jury are instructed, that if they believe, from the evidence, that Gustavus Altheimer was interested, or represented himself to plaintiff to be interested, in the profits of the sale of damaged goods sold at the 'fire store,' at or about the time of the making and negotiation to plaintiff of the note sued on, then they must find that he was a partner in the firm of Altheimer & Company at that time."

In the first instruction given for plaintiff, the right to recover as against appellant was predicated on the fact that he was, at the time the note was indorsed by Altheimer & Company, a member of said firm ; that the note was indorsed to plaintiff before maturity for value ; that at maturity it was protested for non-payment ; that notice of such protest, as prescribed in the second instruction, was given to Altheimer & Company.

The second instruction is objected to on the ground that the notice was not left at the place of business of Altheimer & Company. Conceding that the evidence tended to show, and did show, this, the instruction cannot be condemned on that ground, inasmuch as the certificate of the notary stated that he not only left the notice at the place of business of Altheimer & Company, but, also, that it was left at the place of residence of a member of the firm. We understand it to be settled that when, as in this case, it is sought to charge a partnership as indorsers of a note subsequently dishonored, the requirements of the law, as to notice of its dishonor, are fulfilled when such notice is left either at the place of business of such firm, with some one in charge, or at the domicile, or residence, of one of the partners. Notice given in either one of these ways is sufficient to charge the members of the firm as indorsers. Story on Prom. Notes, sec. 312. In the case of *Bouldin v. Page*, 24 Mo. 594, it is held that notice of the dishonor of a bill given one member of a partnership, is notice to all; and, in the case of *Fourth National Bank v. Heuschen*, 52 Mo. 207–10, it is held that a partnership, though dissolved, must be treated as still in existence so far as the question of demand, protest, and notice, is concerned, and the acts of one partner, in such cases, must be considered as binding on all. The same principle enunciated in these cases is announced in 1 Parsons on Notes, etc., page 502, and in 2 Daniel on Negotiable Instruments, section 999, and in volume one, section 592, where it is said that, although a partnership is dissolved, "it continues as to all antecedent transactions until they are closed."

The third instruction is objected to on the ground that it made participation in the profits of the firm conclusive evidence of partnership. Under the facts in evidence it is not necessary to determine whether, as between the parties, participation in the profits of the firm is the test by which to try the question as to whether

such participation constitutes them partners *inter sese;* but the question arising on the record is, does participation in the profits of a firm constitute those participating partners as to third persons?

We understand the rule announced in the cases of *Philips v. Samuel,* 76 Mo. 658; *Campbell v. Dent,* 54 Mo. 325, and *Gill v. Ferris,* 82 Mo. 156, to be that participation in the profits, as such, of a firm, is *prima facie* evidence of partnership, and that such *prima facie* case may be rebutted, or overcome, by showing that the profits were not received as such, but simply by way of compensation for services, etc., and not an interest in the profits as such.

When such *prima facie* case is made, and it is not rebutted by any evidence tending to show that the participant in such profits only received them as compensation for services rendered, then it becomes conclusive, and in such case it is proper for the court to so instruct the jury, as it, in effect, did, in the third instruction. That defendant had an interest in the profits of the firm of Altheimer & Company, in what is called by the witness the "fire store," and that he so represented to plaintiff, is abundantly shown by the evidence of the cashier, teller, book-keeper, and president of plaintiff bank. Defendant, at the trial, made no attempt to show that he had an interest in the firm, or its profits, but denied that he had ever represented to plaintiff that he had, and testified that he was a creditor of the firm, and, therefore, interested in its success, so that it might be able to pay his claim, and that all the statements made by him to plaintiff were only to the effect that, as a creditor, he felt interested in the success of the firm. As applied to the facts of the case, we think the instruction complained of is unobjectionable.

The two instructions given by the court on behalf of defendant, to the effect that if the jury believed defendant was not, at the date of the note, and the negotiation thereof, a member of the firm of Altheimer &

Company, the indorsers of the note, and plaintiff knew that fact, and knew that he had retired from the firm, they should find for defendant, presented his side of the case fairly.

Without referring, in detail, to the refused instructions, we may say of them, that, in so far as they contained correct declarations of law, they were covered by those already given, and the others referred to were antagonistic to those given, and properly refused on that ground.

We perceive no error in the record justifying a disturbance of the judgment, and it is hereby affirmed, with the concurrence of the other judges.