JOHN  W.  ROPER, Respondent, v. FRANK  SCHAEFER, Appellant.

St. Louis Court of Appeals, March 5, 1889.

1.  Partnership: HOW PROVED.  Proof of a participation in the profits and losses of a business will furnish a *prima-facie* case of partnership existing among the persons so participating, in favor of third persons dealing with any of the supposed members of the firm.  But this *prima-facie* case may be rebutted by showing that the sharing of profits was not because of a common interest in them as such, but was simply by way of compensation for services rendered.

2.  **Partnership : ERRONEOUS INSTRUCTION.**  Where the defense was founded on an allegation that the plaintiff was the business partner of another, and therefore bound by the acts of such other done in the partnership name, it was error to instruct that, in addition to a sharing of the profits and losses, the defendant must also show such a community of interest as would entitle each of the alleged partners to make contracts, manage the business, and dispose of the whole property.

3.  **Partnership : PARTNER'S DISABILITY.**  A partner cannot, without the authorization of his co-partner, apply the partnership property, or the partnership labor, by a secret arrangement, to the payment of his individual debts.

4.  **Evidence : SIGNING FIRM NAME.**  The signing of receipts for money with the firm name is not evidence to prove that the signer was a partner.

*Appeal from the Greene Circuit Court.*—HON. W. D. HUBBARD, Judge.

REVERSED AND REMANDED.

*Scott W. Massey*, for the appellant.

Mr. Story says : " In short, the true rule *ex aequo et bono* would seem to be that the agreement or intention of the parties themselves should govern all cases. If they intend a co-partnership in the capital stock, or in the profits, or in both, then the same rule should apply in favor of third persons, even if the agreement were unknown to them. And on the other hand, if no such partnership were intended between the parties, there should be none as to third persons, unless where the parties had held themselves out as partners to the public or their conduct operated as a fraud or deceit upon third persons. Story on Part., sec. 49 ; *Campbell v. Dent*, 54 Mo. 325 ; *McDonald v. Matney*, 82 Mo. 365 ; *Newspaper Co. v. Farrell*, 88 Mo. 50 ; *Kelley v. Gaines*, 24 Mo. App. 512 ; *Rankin v. Fairley*, 29 Mo. App. 513. Usually the partners own together both the property and the profits, but there may be a partnership in the profits only.

Participation in the profits, as such, of a firm, is *prima-facie* evidence of partnership, and that such *prima-facie* case may be rebutted or overcome by showing that the profits were not received as such, but simply by way of compensation for services, etc., and not an interest in the profits as such. *Bank v. Altheimer*, 91 Mo. 191 ; *Phillips v. Samuels*, 76 Mo. 658 ; *Campbell v. Dent*, 54 Mo. 325 ; *Gill v. Farris*, 82 Mo. 156. Parties become partners by contract, by intent, by estoppel or by construction of law, the most important element being the mutuality of agreement. *Beecher v. Bush*, 45 Mich. 188 ; *Harvey v. Childs*, 28 Ohio St. 319 ; *Eastman v. Clark*, 53 N. H. 276 ; *Wilson v. Whitehead*, 10 Mees & W. 503. It is not necessary to prove particular terms of partnership, if the party by his acts held himself out to the world as partner. *Rippey v. Evans*, 22 Mo. 158. Whether persons are liable as co-partners does not depend upon the fact of their partnership *inter sese*, but they may become such as to third persons upon proof that they held themselves out as partners. *Selby v. McCullough*, 26 Mo. App. 66.

*Thrasher, White & McCammon*, for the respondent.

The trial court, in giving a verdict for the plaintiff, necessarily found, as a matter of fact, though the testimony was contradictory, that there was no partnership existing between Roper and Clift. And the appellate court will not weigh the evidence nor interfere with the verdict of the trial court, sitting as a jury. *Weise v. Moore*, 22 Mo. App. 530 ; *Hurlbut v. Jenkins*, 22 Mo. App. 572 ; *Anderson v. Griffith*, 86 Mo. 549 ; *Noble v. Mitchell*, 20 Mo. App. 360. The court below committed no error in giving the declaration asked by the plaintiff. The quotations from Story and the cases cited in the defendant's brief sustain this view. Mere participation in profits and losses does not constitute a partnership. The intention of the parties must govern. *Kellogg v.*

*Newspaper Co.*, 88 Mo. 594; *State ex rel. v. Finn*, 11 Mo. App. 549; *Newberger v. Friede*, 23 Mo. App. 631-637. The language of the declaration of law complained of is copied *verbatim* from the case last cited, on page 637. The appellant claims, however, that the rule is different as to third persons. This is true only where the party sought to be charged as a partner held him-self out as such to the third persons. See *Selby et al. v. McCullough*, cited by appellant, bottom page 69. Had Roper held himself out to the defendant as a partner of Clift, or had he led the defendant to believe so by his general conduct, he would doubtless be chargeable as such. The court did not err in refusing the declaration of law asked by the defendant. That declaration is based on the assumption that simple par-ticipation in the profits and losses constitutes a partner-ship. The fact that Clift employed laborers, paid them, collected money and gave receipts, is nothing more than would naturally come within the scope of his employ-ment, and have absolutely nothing to do with the question of partnership. They are at best but matters of evidence.

THOMPSON, J., delivered the opinion of the court.

The plaintiff brought this action to recover a balance of $24.85, claimed to be due by account for services ren-dered in threshing grain for the defendant. The defendant denied that he employed the plaintiff to thresh his grain, but admitted that he did employ one H. P. Clift to do said threshing, understanding and believing him to be the partner of Roper in the thresh-ing business and that the defendant paid Clift. There was no controversy as to the fact that the amount for which the plaintiff sued had been earned by the plaintiff, or by Clift, or by both the plaintiff and Clift as partners, in threshing the defendant's grain. But the defendant

gave evidence tending to show—stated in a general way
—that Clift and the plaintiff were carrying on the busi-
ness of threshing grain under an agreement by which
they were partners in the profits and losses; that Clift
owed an old debt to the defendant for rent; that the
defendant and Clift entered into an arrangement by
which Clift was to do the defendant's threshing, which
services were to go so far-as they would apply in the
liquidation of this old debt; that the threshing was
done for the defendant by the plaintiff and Clift; that
the defendant paid to the plaintiff in the presence of
Clift $10.35 on account, and that he reserved the balance
to liquidate the debt owing to him from Clift. The
defendant's evidence tended to show that he notified
Clift in the presence of the plaintiff that he reserved
this balance, and that the plaintiff said nothing; though
the uncontradicted evidence showed that some time
afterwards the plaintiff notified the defendant not to
pay Clift any more money.

The plaintiff's evidence tended to show that there
was no partnership between him and Clift, but that Clift
was employed by the plaintiff under an arrangement
that he, Clift, was to receive a certain *per diem*, or a
part of the profits of the business, at plaintiff's option.
The plaintiff denied hearing the defendant say to Clift
in his presence that the defendant intended to deduct
what Clift was owing him from the amount which he
was owing for the threshing.

The defendant took a receipt from Clift of the
following tenor:

"September 1, 1886.

"Received of Frank Schaeffer on threshing account,
$35.20, full amount due on his account. By John
Roper (the plaintiff) $10.35; by H. P. Clift $24.85.

"ROPER & CLIFT."

There was also evidence tending to show that Clift
had collected of other parties moneys due for threshing,

with the approbation of Roper, and had given in one instance a receipt signed Roper and Clift; but we see no evidence on which to predicate an estoppel against the plaintiff on the theory that he held Clift out as his partner to the defendant. The most that can be said of the evidence in favor of the defendant is, that believing that a partnership existed in the threshing business between Clift and the plaintiff, the defendant concocted the arrangement with Clift unknown to Clift's co-partner, whereby the supposed partnership firm should perform this labor for the defendant, which should be applied to the liquidation of the prior individual debt of Clift. It is settled law that a partner cannot, without the authorization of his co-partner, apply the partnership property to the payment of his individual debts; and we suppose that the same principle will prevent one partner, unknown to his co-partner, through a secret arrangement concocted between him and his individual creditor, to apply the *labor* of the partnership to the liquidation of the indebtedness of the partner. But we need not dwell on this point, because this does not seem to have been the theory on which the plaintiff proceeded at the trial. The instructions given and refused indicate that the theory of both parties at the trial was that if there was a partnership between the plaintiff and Clift, the plaintiff could not recover; but if there was no such partnership the plaintiff could recover. This will appear from the following declaration of law given by the court at the request of the plaintiff, the case having been tried without a jury:

"The court declares the law to be that simple participation in the profits and losses of a business does not constitute a partnership, but there must be such a community of interest as enables each party to make contracts, manage the business and dispose of the whole property; and this rule is the same as to third persons,

unless the party sought to be charged has so acted as to lead the plaintiff (defendant) to believe a partnership to exist, and to act upon such a belief.''

That such was the defendant's theory of the case will also appear from the following declaration of law requested by the defendant and refused by the court:

" If the court, sitting as a jury, finds from the evidence that John W. Roper and H. P. Clift were associated together in the year 1886 in the business of threshing wheat ; that they participated in the profits of said business ; that each collected money due for threshing wheat, giving receipts therefor in the name of Roper and Clift; that both, or either, hired laborers to work in said business, and that sometimes Clift and sometimes Roper paid said laborers ; that there has never been any settlement by and between Clift and Roper of the affairs of said threshing business—then the court will find the issues for the defendant, although the court may further find that the amount of $24.85 was the individual debt of said Clift to defendant.''

Error is assigned upon the giving of the former and refusing of the latter of these instructions. The former of these instructions was drawn in conformity with the views of this court as expressed in the case of *Newberger v. Friede*, 23 Mo. App., at page 637. It should be observed that the statement of this court was that " a mere participation in the profits and losses of the business does not *necessarily* create a partnership.'' But in the opinion given on the rehearing (*Ib.* p. 640) the language used by this court is as broad as that stated in the instruction. The rule thus laid down was based on the decision of the supreme court in *Donnell v. Harshe*, 67 Mo. 170 (re-affirmed and applied in *Musser v. Brink*, 68 Mo. 242), which we understood as overruling *Lengle v. Smith*, 48 Mo. 276, and as being the last controlling decisions of the supreme court on the subject.

At the time when that decision was rendered, the decision of the supreme court, in *Fourth Nat. Bank v. Altheimer*, 91 Mo. 190, had not been rendered, or, if rendered, had not been reported, and was unknown to us. In that decision, the supreme court had before it the question which arises in this case, namely, what constitutes evidence of a *partnership* in an action involving the rights of *third persons*. The court announced the rule of several of their previous decisions to be that "participation in the profits, as such, of a firm is *prima-facie* evidence of partnership, and that such *prima-facie* case may be rebutted or overcome by showing that the profits were not received as such, but simply by way of compensation for services, etc., and not an interest in the profits as such. When such *prima-facie* case is made and it is not rebutted by any evidence tending to show that the participants in such profits only received them as compensation for services rendered, then it becomes conclusive, and in such case it is proper for the court to so instruct the jury." This doctrine is in no sense opposed to *Newberger v. Friede, supra*, because there the question arose between the alleged partners themselves. In this case the court should, we think, have expounded to the jury the rule in *Fourth Nat. Bank v. Altheimer, supra*, and not the rule in *Newberger v. Friede*. The plaintiff's instruction proceeded upon a theory which the supreme court has declared to be erroneous, where the question concerns the rights of third parties, and, as we cannot say what the conclusion of the court upon the facts may have been if the court had applied the principle announced in *Fourth Nat. Bank v. Altheimer, supra*, we must reverse the judgment.

As the question may become material on another trial, we will add that we see no error in refusing the defendant's instruction above set out. It was an argumentative instruction, requesting the court to find

certain facts from certain other facts. Thus, the mere fact that the plaintiff and Clift were associated together in the business of threshing wheat, and participated in the profits, did not, even under the case of *Fourth Nat. Bank v. Altheimer, supra,* and especially under the case of *Kellogg Newspaper Co. v. Farrell,* 88 Mo. 594, and the cases there cited, show the existence of a partnership as matter of law, but were at most *prima-facie* evidence of a partnership; and it was for the trier of the fact, in the conflicting state of the evidence, to say whether this *prima-facie* evidence had been rebutted or not. Again, the mere fact that Clift may have collected money due for the threshing, and may have given receipts therefor in the name of Roper & Clift, did not, of itself, show that there was a partnership; for an agent cannot, by the assertion of his agency, establish it. In order that this fact should be evidence of a partnership, it would be necessary to show that the giving of receipts in this manner had been authorized or assented to by the plaintiff. The further fact that both, or either, Roper or Clift hired laborers to work in the business, and that sometimes Roper paid them and that sometimes Clift paid them, had no evidentiary tendency, except as mere circumstances to show the existence of a partnership. Such offices are every day performed by the foreman or bookkeeper of a business man. The same may be said of the further element of this instruction, that there had never been any settlement between Clift and Roper of the affairs of the partnership business. This fact if true—and it was true—had no tendency whatever to show the existence of a partnership. As well might the plaintiff have asked the court for a declaration of law to the effect that if he, the plaintiff, discharged Clift from the business, there was no partnership between the plaintiff and Clift.

It is enough to say concerning the assignment of error that the judgment is not in accordance with the

evidence, that it is clearly not well taken. The evidence as to whether or not there was a partnership was conflicting and we could not disturb the judgment on that ground.

For the giving of the instruction above set out the judgment must be reversed and the cause remanded. It is so ordered. All the judges concur.