GODDARD-PECK GROCER COMPANY, Respondent, v. JOHN BERRY *et al.*, Defendants; E. J. MALONE AND J. H. VANAUSDALL, Appellants.

St. Louis Court of Appeals, September 18, 1894.

**Partnership:** PARTICIPATION IN PROFITS. In an action by a third person against alleged partners, participation by the defendants in the profits of the alleged partnership establishes *prima facie* that they are members of it.

*Appeal from the Scott Circuit Court.*—HON. H. C. RILEY, Judge.

AFFIRMED.

J. L. Fort for appellants.

J. J. Russell for respondent.

All these parties were sharing profits equally. All participated in buying goods, settling accounts, hiring clerk, etc. There was a community of interest. Sharing in the profits alone is *prima facie* evidence of a

partnership. *Bank v. Altheimer*, 91 Mo. 190; *Philips v. Samuel*, 76 Mo. 658. A partnership in fact as between the parties was clearly proved by the evidence of Berry, and after that the admissions of one was competent against all. *Campbell v. Dent*, 54 Mo. 331.

BIGGS, J.—This is an action to recover the price of a bill of goods. It is alleged in the petition that the goods were sold to John Berry, E. J. Malone and J. H. Vanausdall, and that at the time they were doing business as copartners under the firm name of John Berry. Berry made no defense; Malone and Vanausdall filed separate answers denying the copartnership. Concerning the sale of the goods and their shipment to Berry, and the amount due therefor, there was no dispute on the trial. The only controverted matter was that of the alleged copartnership. The case was submitted to the court sitting as a jury. All instructions asked by the appellants were given. The plaintiff asked none. Judgment was entered against all the defendants for the amount in suit. Malone and Vanausdall have appealed, and claim that the judgment of the court as to them is not supported by the evidence.

A brief reference to the testimony will show that the appellants' assignment of error must be overruled, and the judgment of the circuit court affirmed.

Berry testified that he and the appellants were partners, and that each was to receive one-third of the profits; that the business was to be conducted in his name, and was to be managed by him. Malone and Vanausdall both admitted that they were to share in the profits of the business. They, however, claimed that the agreement to share in the profits was in consideration of credit extended by them to Berry to enable him to buy other goods, and that this was the full extent of their agreement with him. The testimony of

Berry therefore, as well as the admission' by appellants that they were to receive a share of the profits of the business, established *prima facie* the existence of the alleged copartnership, as this was a controversy between the alleged partners and a third person. *Bank v. Altheimer*, 91 Mo. 190; *Philips v. Samuel*, 76 Mo. 658. Whether the additional statements or evidence of the appellants were sufficient to rebut this *prima facie* case, was for the trier of the fact to decide, and is a question which is not reviewable by, us. The trial court had a right to accept the statement that they were to share in the profits as true, and reject the further statement which tended to show that they were not in fact partners in the business.

In addition to this there was evidence tending to prove that the plaintiff's salesman sold the goods on the faith of representations by Vanausdall, sufficient to warrant the conclusion that he and Malone were partners with Berry, and were responsible as such for debts contracted by him. There is also independent evidence that Malone acknowledged a business connection with Berry, and that his statements were such as to justify the conclusion that he was a partner in the concern and was responsible for its debts. Under such a state of proof we can not disturb the judgment.

With the concurrence of the other judges, the judgment of the circuit court will be affirmed. It is so ordered.