JAMES G. JOHNSON *et al.*, Respondents, v. C. E. BLELL *et al.*, Appellants.

| 61 | 37 |
| 96 | ¹133 |

### St. Louis Court of Appeals, January 29, 1895.

1. **Practice, Trial**: REFERENCE. Whether a case is a proper one for a reference must be determined on the face of the pleadings; nor will a reference, properly made on the pleadings as involving a long account, become erroneous because the evidence on the subsequent hearing was such as to supersede to some extent the examination of the account.

2. **Action for Accounting**: NATURE OF REMEDY. An action by a judgment creditor of a corporation against a corporate officer, charging that the latter had received and failed to account for money of the corporation, and seeking to subject the same, is an action in equity.

3. **Evidence**: COMPETENCY OF DEPOSITION OF PARTY AS AN ADMISSION. The deposition of a party, taken in another cause, is competent evidence against him when it contains admissions against his interest.

4. ———: PARTIAL DISREGARD OF ADMISSIONS. The trier of the facts may accept the declarations of a party in so far as it is against his interest, and reject it in so far as it is in his favor.

5. **Assignments**: REJECTION BY ASSIGNEE OF CHOSE IN ACTION: RIGHT OF CREDITOR TO SUBJECT SAME. An assignee for the benefit of creditors had knowledge of a disputed claim belonging to the assigned estate, but neither he nor any creditor who had proven a demand against the assigned estate made any effort to enforce the claim at any time. After the assignment had been closed, a judgment creditor of the assignor, who had not thus proven his demand, brought a creditor's bill to subject the claim. *Held*, that the assignment could not be invoked as a defense thereto.

6. **Pleading**: AMENDMENT. It is largely in the discretion of the trial court to permit, or refuse to allow, the amendment of pleadings, and appellate courts will interfere only when it appears that this discretion has been arbitrarily exercised.

*Appeal from the St. Louis City Circuit Court.*—HON. DANIEL D. FISHER, Judge.

AFFIRMED.

*F. & Ed. L. Gottschalk* for appellants.

*T. G. Rombauer* and *Rombauer & Rombauer* for respondents.

(1) The case was properly referred by the court of its own motion under the provisions of section 2138 of the Revised Statutes. *Schmidt v. Rose,* 6 Mo. App. * 579; *Martin v. Hall,* 26 Mo. 386–389. (2) The deposition of defendant Blell was properly received in evidence as an admission by him against his interest. *Kritzer v. Smith,* 21 Mo. 296; *Priest v. Way,* 87 Mo. 16; *Bogie v. Nolan,* 96 Mo. 85, 90. (3) The law presumes the truth of admissions or declarations of parties against their interest; as to those in their favor, the jury may believe what they say or reject the whole or any part of them, according to all the circumstances surrounding the case. *Goddard-Peck Grocer Co. v. Berry,* 58 Mo. App. 665; 1 Greenleaf on Evidence [15 Ed.], sec. 201; *Lyon v. Batz,* 42 Mo. App. 606, 614; *State v. Hollenscheit,* 61 Mo. 302; *State v. Carlisle,* 57 Mo. 102, 106. (4) A trustee or agent is bound to keep clear, distinct and accurate accounts; if he does not, all presumptions are against him and all obscurities and doubts are to be taken adversely to him. Gaston's Trust, 35 N. J. Eq. 60; *Blauvelt v. Ackerman,* 23 N. J. Eq. 495; *Young v. Powell,* 87 Mo. 128; 2 Perry on Trusts [4 Ed.], sec. 821; *Smith v. Crews,* 2 Mo. App. 269. (5) The motion of defendant Blell, asking leave of court to amend his answer by pleading the statute of limitations, came too late, and was properly refused by the court. R. S., sec. 2098; *Ensworth v. Barton,* 67 Mo. 622; *Henderson v. Henderson,* 55 Mo. 534–545; *Lottmann v. Barnett,* 62 Mo. 159; *Lucas Market Savings Bank v. Goldsoll,* 8 Mo. App. *595, 596; *Singer Manufacturing Company v. Givens,* 35 Mo. App. 602.

BIGGS, J.—The plaintiffs are judgment creditors of the C. E. Blell Millinery Company, a business corporation. Their execution against the company having been returned unsatisfied, they instituted the present action, which is in the nature of a creditor's bill, against the defendant, C. E. Blell. The company was also made a party defendant. It is charged in the bill that Blell was the president and managing director of the corporation, and as such received the sum of $2,500, which represented a portion of the capital stock of the corporation, and which he had failed to account for, and that during his management, which extended over a period of about twenty months, he received divers other sums of money, aggregating the further sum of $2,500, of which no satisfactory account had been rendered, and that, if the accounts between him and the company were properly adjusted, a large balance would be found due from him. The petition prays that such account be taken, and that whatever amount is thus found to be due be divided ratably between the plaintiffs and such other creditors of the Millinery Company as may see proper to come in and assist in the prosecution of the action.

The defendants filed answers denying the averments of the bill, and setting up the special defense that on the thirtieth day of November, 1887, the Millinery Company made a general assignment for the benefit of its creditors; that the assignee qualified and proceeded to adjust all claims and demands against the assigned estate; that the plaintiffs failed to have their demand allowed by the assignee, and that subsequently the assignee was, by the order of the court where the assignment was pending, duly discharged.

The cause was sent to a referee with instructions to take the testimony, and report his findings and recommendations to the court. This was done. The

plaintiffs' debt was ascertained to be $1,728.47, and $47 costs, and Blell was found to be indebted to the Millinery Company in the sum of $3,329.58, which amount the referee recommended should be ratably distributed between the plaintiffs and such other creditors as might thereafter join in the proceeding. The report also recommended that notice be given to the other creditors of the result of the reference.

Both parties filed exceptions to the report, the plaintiffs' exceptions going to the recommendation that other creditors should share in the distribution, which the court sustained. The defendants' exceptions were to the effect that the finding of the referee as to the indebtedness due from Blell to the Millinery Company was unsupported by the evidence, and that the referee erred in finding against the special defense set up in the answers. These exceptions the court overruled, and a decree was entered in favor of plaintiffs against Blell in the total sum of $1,800.30, for which execution was ordered to be issued. The court also found that Blell was indebted to the Millinery Company in the total sum of $3,329.58. The defendants have appealed.

The defendants insist that the case was not a proper one for reference, and that they were thereby wrongfully deprived of their right of trial by jury. There is no merit in this. The statute provides that the trial court may, on its own motion, direct a reference "where the trial of an issue of fact shall require the examination of a long account on either side." R. S., sec. 2138. The question of reference must in every case be determined by the face of the pleadings. *Father Matthew, etc., Society v. Fitzwilliams*, 12 Mo. App. 445; s. c., 84 Mo. 406. In that case the court also held that a reference does not become erroneous *ex post facto*, for the reason that the evidence was such

on the hearing as to supersede to some extent the examination of the account. Under the averments in the present bill the trial of the issue, *prima facie*, involved the examination of a long account, which made the reference a proper one. The Millinery Company was organized in March, 1886, and it continued to do business until November 29, 1887. During that time the defendant Blell was its managing director. It was charged that he had converted, or failed to account for, $2,500, which represented a portion of the capital stock of the company, and that during his management he had received divers other sums of money belonging to the concern, for which he had rendered no satisfactory account. The fact that the finding of the referee covered only the single item of capital stock does not, as was decided in the *Fitzwilliams case*, invalidate the reference. Besides, the evidence before the referee took a much wider range. The plaintiffs undertook to charge, and their evidence had some tendency to prove, that Blell received, and had failed to account for, other sums of money belonging to his company. As to this, the referee held the evidence to be insufficient. The plaintiffs also attempted to charge Blell with the amount of his salary account as manager of the company. While the referee was of the opinion that the money had been illegally paid, he held that, having been paid, it could not be recovered back. Thus it appears that the case was essentially one for a referee. This assignment may be dismissed with the observation that the defendants were not on account of the reference, as claimed by them, deprived of a jury trial. The action is strictly equitable. It is not an action for the recovery of money or property only (R. S. 1889, sec. 2131), but is one for an account, with the view of ascertaining the amount of funds held by the defendant Blell in trust for his company. *Hunter*

*v. Whitehead*, 42 Mo. 524; *Biddle v. Ramsey*, 52 Mo. *loc. cit.* 159; 3 Pomeroy's Equity Jurisprudence, sec. 1415.

It is also claimed that the finding of the referee as to the indebtedness of Blell is not warranted by the evidence, and that the evidence adduced in support of the finding was erroneously admitted. The only evidence offered by the plaintiffs was a certified copy of their judgment and the execution showing a return of *nulla bona*, and the deposition of Blell taken in the original case of plaintiffs against the C. E. Blell Millinery Company. The deposition was properly admitted, as it contained admissions by Blell against his interest. The competency of such evidence is no longer an open question in this state. *Kritzer v. Smith*, 21 Mo. 296; *Priest v. Way*, 87 Mo. 16; *Bogie v. Nolan*, 96 Mo. 85.

Blell stated in his deposition that the Millinery Company was organized in the spring of 1886 with a paid up capital of $5,000; that he subscribed for $4,500 of the stock, and his two sisters subscribed for the balance; that $2,500 of the money was used in the purchase of an old stock of goods from him, and that he kept the remainder of the money in his private safe. He admitted that he did not deposit any portion of the money in bank. He claimed that he paid it out during the first three or four months for goods. He could not remember from whom he made such purchases, or where they did business. He could not name a single one. The referee accepted his admission that he received the money, but rejected as unworthy of belief his statements as to its disposition. It was stated that the explanation was too incredible to be accepted. It is contended that this was violative of the established rules of evidence—that the admission of a party, when coupled with matter of discharge, must be accepted or rejected as a whole. This is not the rule in this state.

The deposition was read to ascertain what Blell had conceded against himself, and the law required the whole to be read, in order to get at the true meaning of the admission.   In the case of *Goddard-Peck Grocer Company v. Berry*, 58 Mo. App. 665, two defendants, who were sought to be held as partners of their codefendant, testified that they were to receive one third of the profits of the business, but that this was in consideration of their credit which they had extended to their alleged partners.   We decided that the trier of the fact had a right to accept the statement that they were to share in the profits, which *prima facie* rendered them liable as partners, and reject the further statement which tended to show that they were not partners in fact.   The same doctrine is declared by the supreme court in the case of *State v. Carlisle*, 57 Mo. 106.   Judge WAGNER states the rule as to admissions as follows:   "But though the whole of what he said at the time, and relating to the same subject, must be given in evidence, yet it does not follow that all parts of the statement are to be regarded as equally worthy of credit; but it is for the jury to consider, under all the circumstances, how much of the whole statement they deem worthy of belief, including as well the facts asserted by the party in his own favor, as those made against him."   It was, therefore, permissible for the referee to accept the statements of Blell as to the receipt of the money, and reject those as to its disposition.   We have read the deposition carefully, and we find Blell's statements as to the disposition of the money so unreasonable that we do not hesitate to concur in the conclusion reached by the referee.

It is insisted by the appellants that, if Blell is indebted to the Millinery Company, such indebtedness belongs to the assigned estate, and that, as the plaintiffs failed to have their demand allowed by the assignee,

they have no claim either legal or equitable against the debt. And it is further insisted by them that the title to this asset is vested and remains in the assignee notwithstanding his discharge, and that for this additional reason the plaintiffs ought not to maintain this suit.

In support of this assignment the defendants rely on the decision of the supreme court in the recent case of *St. George's Church Society v. Branch*, 25 S. W. Rep. 218. In that case Branch had made an assignment, and the assignee had been discharged. At the time of the assignment Branch was a stockholder in the St. George's Church Society, a corporation, but the assignee was not advised of this. After the estate had been closed the church building of the society, which was heavily insured, was burned. The insurance was collected, and the society determined to disincorporate. The society claimed to be the owner of Branch's stock through some arrangement with him, and some of his judgment creditors levied upon his portion of the fund. Thereupon the assignee made application to the court to have the assigned estate reopened for the purpose of administering this newly discovered asset. This was done, and the several claimants interpleaded for the fund. The supreme court decided that the assignee was entitled to the money. The principle of the decision is that the effect of the assignment was to vest in the assignee the title to all property owned by Branch, and that the discharge of the assignee did not of itself reinvest the title in the assignor. Conceding that the decision is applicable to a case presenting the state of facts we have here, provided the proper parties were before the court, we can not understand how it can be invoked by the defendants. They certainly can not, as against the plaintiffs, who are acknowledged to be *bona fide* creditors of the Millinery Company, and whose claim is enforceable, assert the alleged priority of the

assignee or of other creditors holding allowed demands. The latter were given an opportunity to join in the litigation, but none of them saw fit to incur the expense of a doubtful lawsuit.   The assignee is one of the attorneys for the defendants, and he has not seen proper to have the estate reopened to enable him to assert his alleged priority.   As it is, we have the defendant Blell attempting to escape liability altogether upon the ground that the assignee or the holders of allowed demands would, had they seen proper to come in, have had an equity to the money in his hands superior to that of the plaintiffs.   The bare statement of the proposition is sufficient to condemn it, and its absurdity is clearly demonstrated in the report of the referee.   The treatment of the question there is so satisfactory that we have concluded to embody it in this opinion.   That portion of the report is as follows:

"The practical results of this proposition seem to me to amount to a *reductio ad absurdum;* a form of proof older than the days of Euclid.   An assignee, knowing of a certain claim alleged to exist in favor of his assigned estate, decides (and we admit in exercise of proper discretion) that the claim is bad in law, or practically incapable of enforcement.   It cuts no figure in the assignment; not even in the inventory.   The assignee pays seven and one half per cent. on the claims allowed, and is discharged.   A creditor, who did not prove his claim before the assignee, assumes the burden and risk of establishing and collecting this doubtful claim, which neither the assignee nor any other creditor would handle, for the benefit of all creditors who may chose to join him.   None join him in the contest; the claim is established as true in fact; but the bill is defeated because this plaintiff, though having a judgment against the assignor, failed to put in his claim before the assignee.   Is it possible that such is the law?

"The absurdity could be made more palpable by modifying these concrete facts. Let us suppose that the creditors who proved before the assignee had made settlement with the debtor before filing of this suit, or let us suppose that these proving creditors, for any of several good reasons which might be imagined, refused to lend their names to any suit for the recovery of this asset under any condition; can it be said that under such circumstances the assets shall be lost, and the plaintiff in this case be denied all right to proceed?"

When the report of the referee came in, the defendant Blell asked leave to file an amended answer setting up the statute of limitations. The court refused to grant the leave. Of this he complains.

Section 2098 of the Revised Statutes of 1889 provides that "the court may, at any time before final judgment, in furtherance of justice, and on such terms as may be proper, amend any pleading * * * when the amendment does not change substantially the claim or defense." * * * It is largely in the discretion of the trial court to permit amendments to be made, and appellate courts interfere only where it appears that such discretion has been arbitrarily exercised. *Ensworth v. Batton*, 67 Mo. 622. Blell was fully advised by the averments of the petition of the nature of the action against him, and he must, under the circumstances, be presumed to have had knowledge of all facts bearing on the additional defense at the time he filed his original answer. The proposed amendment was untimely, and the circuit court committed no error in refusing permission to make it. *Henderson v. Henderson*, 55 Mo. 534.

With the concurrence of the other judges the judgment of the circuit court will be affirmed. It is so ordered. Judge ROMBAUER concurs, Judge BOND in the result.